FILED ___ ENTERED
LODGED ___ RECEIVED

SEP 18 2007    LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
           DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY BARABIN and GERALDINE BARABIN,

    Plaintiffs,

v.

ALBANY INTERNATIONAL CORP.; et al.,

    Defendants.

No. C 07-1454 RSL

NOTICE OF REMOVAL OF ACTION UNDER 28 USC §§ 1332, 1441 and 1446

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. sections 1332, 1441 and 1446, Defendants ASTENJOHNSON, INC. ("Asten") and SCAPA DRYER FABRICS, INC. ("Scapa") hereby remove to this Court the state court action described below. The grounds for removal are as follows:

1.    The state court action, hereby removed, is a civil action over which this Court has jurisdiction under 28 U.S.C. section 1332(a), as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.



07-CV-01454-CMP

NOTICE OF REMOVAL - 1

K:\2038878\00554\20950_MRL\20950P20HF

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

2. On or about December 18, 2006, this civil action was filed in the Superior Court for the State of Washington in and for the County of King, entitled <u>Henry Barabin and Geraldine Barabin v. Albany International Corporation, et al.</u>, Cause No. 06-2-39452-6 SEA.

3. The Complaint alleges that Henry Barabin was injured as a result of his work with and around asbestos and various asbestos-containing products. Plaintiffs' Complaint claims that Asten is liable for plaintiffs' alleged asbestos-related injuries on theories of negligence; strict liability; civil conspiracy; fraud and deceit/negligent misrepresentation; and loss of consortium. The apparent basis of these claims against Asten, taken in conjunction with the evidence set forth in Plaintiffs' Answers to the Style Interrogatories, is Asten's manufacture and supply of dryer felts to a facility where Mr. Barabin worked.

4. Plaintiffs' original complaint filed with the Superior Court on December 18, 2006 named the Bartells Settlement Trust ("Bartells"), a Washington company, as a Defendant. A true and accurate copy of the complaint is attached as Exhibit A. The plaintiff's First Amended Complaint signed on March 1 ,2007 added Scapa as a defendant, while keeping Bartells as a Defendant. Exhibit B.

5. On September 6, 2007, Plaintiffs' counsel initially informed the court via email that Crane Co., Scapa Dryer Fabrics, Inc., Foster Wheeler, and AstenJohnson, Inc. remained as defendants. A true and correct copy of Plaintiffs' email, with the attached word document, is attached hereto as Exhibit C.

6. On September 10, 2007, in response to an email inquiry from Judge Lau's bailiff asking for a list of defense counsel in the Barabin case, Plaintiff's counsel responded indicating that there were three defendants in the Barabin case, Crane Co., Scapa, and Asten Group. A true and accurate copy of that email is attached as Exhibit D.

7. On September 13, 2007, Plaintiffs' counsel informed the Court during a status conference that it had entered into an administrative agreement with Bartells.

NOTICE OF REMOVAL - 2

K:\20398\6\00554\20950_MRL\20950P20HF

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

8. The basis for removal is that, after the Bartells settlement, this action enjoys complete diversity. Pursuant to 28 U.S.C. section 1441(b), an "action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Here, Plaintiffs are residents of Arizona, Defendant Crane Co. is a resident of Connecticut, Defendant Scapa is a Delaware Corporation with its principal place of business in Connecticut, and Defendant Asten is a Delaware corporation with South Carolina as its principal place of business.

9. 28 U.S.C. section 1446(b) provides that a case becomes removable when the Defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

10. Plaintiffs' email to the court disclosing that Bartells was no longer a defendant was received on September 10, 2007. The existence of an administrative agreement with Bartells was confirmed during the Court's status hearing on September 14, 2007. Thus, on September 10, 2007, Asten received its first notice, within the meaning of 28 U.S.C. section 1446(b), of facts indicating the grounds for removability of this case. Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 695-96 (9th Cir. 2005) (finding that removal was timely when it was filed after the remaining defendant received a letter from plaintiff's counsel suggesting that he was not proceeding against a resident defendant who had not been served or dismissed); Hessler v. Armstrong World Industries, Inc., 684 F. Supp. 393, 394-95 (D. Del. 1988) (finding that removal was untimely when the defendant learned, through correspondence and statements to the Court, that nondiverse defendants had settled). Because these removal papers have been filed within 30 days of receiving notice of Plaintiffs' settlement, this removal is timely.

11. The required jurisdictional amount of $75,000 is met in this case. 28 U.S.C. section 1332. By way of example, attached as Exhibit E are Plaintiffs' Answers to the First

NOTICE OF REMOVAL - 3

K:\2038878\00554\20950_MRL\20950P20HF

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 2:07-cv-01454-JLR   Document 1   Filed 09/18/07   Page 4 of 5

Style Interrogatories, where Plaintiffs claim medical expenses of $200,000, future medical expenses of $200,000, $1,000,000 in lost earning capacity, and $500,000 in loss of household services. See Bell v. Preferred Life Assurance Society, 320 U.S. 238, 240, 64 S.Ct. 5, 88 L.Ed. 15 (1943) (9th Cir. 2002) (stating that a court may consider evidence of actual damages).

12. Notably, Plaintiffs have requested $1,000,000 to settle their claims with Asten. A true and accurate copy of a letter from Plaintiffs' counsel reflecting a $1,000,000 settlement demand is attached as Exhibit F. Plaintiff has also obtained settlements from other former defendants, and the cumulative total of those settlements have exceeded the jurisdictional amount. A true and accurate copy of a letter from Plaintiffs' counsel reflecting settlement amounts with three defendants is attached as Exhibit G. Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) (finding that a settlement letter is relevant evidence of the amount in controversy).

13. Asten and Scapa have notified and obtained the consent of the other defendant in this action in order to remove Plaintiffs' action as a whole under 28 U.S.C. section 1446. That consent will be filed separately.

14. A properly removed case cannot be remanded for discretionary or policy reasons, such as a contention that judicial economy compels remand. 28 U.S.C. section 1447(c); Elrad v. United Life & Accident Insurance Company, 624 F. Supp. 742, 743 (N.D. Ill. 1985).

15. Asten and Scapa will notify the clerk of the Judicial Panel on Multidistrict Litigation ("Panel") of the existence of this "tag-along" asbestos case and request that the case be transferred to the United States District Court for the Eastern District of Pennsylvania (In Re Asbestos Products Liability Litigation, MDL Docket No. 875), pursuant to the Panel's order transferring asbestos cases to that district for centralized pretrial proceedings.

NOTICE OF REMOVAL - 4

K:\2038878\00554\20950_MRL\20950P20HF

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

16. Pursuant to 28 U.S.C. §1446(a) and CR 101(b), a copy of all pleadings, process and orders served on or by the parties in the state action will be forwarded to the court within ten days.

17. Written notice of the filing of this Notice of Removal will be given to Plaintiffs and the other defendants in this action, together with a copy of the Notice of Filing Notice of Removal and supporting papers with the Superior Court of Washington, County of King, as required by 28 U.S.C. §1446(d).

WHEREFORE, ASTEN and SCAPA respectfully request that this action be removed to this Court.

DATED this 18th day of September, 2007.

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP

By_____/ s /____G. William Shaw_____
G. William Shaw, WSBA # 8573
Kevin A. Rosenfield, WSBA # 34972
Martha Rodriguez-Lopez, WSBA # 35466
Attorneys for Defendant
AstenJohnson, Inc.


WILLIAMS, KASTNER & GIBBS, PLLC


By____/ s /____Christopher S. Marks_____
Christopher S. Marks, WSBA # 28634
Attorneys for Defendant
Scapa Dryer Fabrics, Inc.

NOTICE OF REMOVAL - 5

K:\2038878\00554\20950_MRL\20950P20HF

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022