UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY BARABIN and GERALDINE BARABIN,

Plaintiffs,

v.

ALBANY INTERNATIONAL CORP., *et al.*,

Defendants.

Case No. C07-1454RSL

ORDER DENYING PLAINTIFFS' MOTION TO REMAND

## I. INTRODUCTION

This matter comes before the Court on plaintiffs' "Motion to Remand Case to Washington Superior Court and for Payment of Fees and Costs" (Dkt. #46). For the reasons set forth below, the Court denies plaintiffs' motion to remand.[1]

## II. BACKGROUND

Plaintiffs filed an action in King County Superior Court for injuries suffered as a result of exposure to asbestos. See Dkt. #1 (Notice of Removal), Exhibit A (Complaint of Henry and Geraldine Barabin). Plaintiffs filed their original complaint on December 18, 2006, and amended to include an additional defendant on March 1, 2007. See Dkt. #1, Exhibit A. Plaintiffs' complaint named twenty-three defendants, including Bartells Asbestos Settlement

---

[1] Because the Court can decide this matter on the parties' memoranda and the remainder of the record, the parties' request for oral argument is denied.

ORDER DENYING PLAINTIFFS'
MOTION TO REMAND                    1

1 Trust (Bartells), a citizen of Washington pursuant to 28 U.S.C. § 1441(b).  See Dkt. #1, Exhibit A.  Between January 24, 2007 and August 9, 2007, the parties filed various proofs of service, none of which included Bartells.  See Dkt. #46 (Motion to Remand), Exhibit A (Proofs of Service).

On September 6, 2007, plaintiffs notified the state court and defendants that only AstenJohnson, Inc., Crane Co., Foster Wheeler, and Scapa Dryer Fabrics, Inc., remained as defendants in the case.  See Dkt. #1, Exhibit C (Plaintiffs' September 6, 2007 e-mail).  On September 10, 2007, plaintiffs notified the state court that only AstenJohnson, Inc., Crane Co. and Scapa Dryer Fabrics, Inc. remained as defendants in the case.  See Dkt. #1, Exhibit D (Plaintiffs' September 10, 2007 e-mail).  Between September 6, 2007 and filing for removal on September 18, 2007, defendants filed various motions, including their trial briefs, in state court.  See Dkt. #46, Exhibit B (Defendants' state court filings).

### III.  ANALYSIS

Plaintiffs originally argued for remand on three grounds: 1) defendants' motion for removal was not timely, 2) defendants waived their right to removal, and 3) defendants' motion for removal contained procedural defects.  See Dkt. #46 (Motion to Remand).  Plaintiffs also asked the Court to award court costs and attorney's fees, claiming that defendants' notice of removal was improper as a matter of law.  See Dkt. #46 at 10.  However, plaintiffs have since stipulated that defendants may amend their notice of removal to cure the specified procedural defects.  See Dkt. #56 (Plaintiffs' Reply).  Accordingly, the Court has granted defendants' motion to amend their notice of removal.  See Order Granting Motion to Amend Notice of Removal.  On the remaining issues, the Court finds that defendants' notice of removal was timely, that defendants did not waive their right to remove, and that plaintiffs are not entitled to costs or attorney's fees.

ORDER DENYING PLAINTIFFS'
MOTION TO REMAND                                   2

**A.     Defendants' motion for removal was timely.**

If a case is not removable based upon the original pleadings, the defendant must file a notice of removal within thirty days of receipt of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Furthermore, notice of removability "is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005).

In this case, the first document from which defendants could reasonably ascertain removability was plaintiffs' September 6, 2007 notice that did not include Bartells among the remaining defendants. See Dkt. #50 (Defendants' Response). Prior to September 6, 2007, defendants would have had to inquire beyond the boundaries of any existing document in order to determine that Bartells was no longer a defendant in the case. There is no requirement that defendants should have ascertained that plaintiffs had decided not to prosecute their case against Bartells Trust simply because they had not received notice that Bartells had been served. Accordingly, since defendants' notice of removal was filed within thirty days of September 6, 2007, the notice was timely.

**B.     Defendants have not waived their right to removal.**

A party may waive the right to remove if, after it is apparent that a case is removable to federal court, that party takes action in state court manifesting an intent to have the matter adjudicated there. Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1240 (9th Cir. 1994). "A waiver of the right of removal must be clear and unequivocal" and the right of removal is "not lost by action in the state court short of proceeding to an adjudication on the merits." Id. (quoting Beighley v. FDIC, 868 F.2d 776, 782 (5th Cir. 1989)).

Courts have found a waiver of removal if, after learning of the grounds for removal, a party takes action in state court to seek a resolution of the case on its merits. See Jacko v. Thorn

ORDER DENYING PLAINTIFFS'
MOTION TO REMAND                           3

1   Americas, Inc., 121 F. Supp. 2d 574, 576-77 (E.D. Tex. 2000) (holding that filing a motion for
2   summary judgment in state court and proceeding with the hearing of that motion constituted
3   waiver).  However, actions taken in state court for the purpose of preserving the status quo
4   generally do not constitute a waiver of removal.  See Labry v. I.R.S., 940 F. Supp. 148, 149
5   (E.D. La. 1996) (filing an answer or an extension of time did not constitute waiver); Yusefzadeh
6   v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1246 (11th Cir. 2004) (filing
7   pleadings in compliance with state court deadlines did not constitute waiver).

       A case may be properly removed shortly before or during trial proceedings in state court. See Heniford v. Am. Motors Sales Corp., 471 F. Supp. 328, 336-37 (D.S.C. 1979).  To avoid waiving the right to remove when grounds for removal become apparent during trial proceedings, defendants must usually take prompt action.  See Waldron v. Skelly Oil Co., 101 F. Supp. 425, 428 (D.C. Mo. 1952) (holding that failing to interrupt plaintiff's opening statement to request removal constituted waiver).  However, there is no authority that a defendant must adhere to anything other than the thirty day deadline imposed by 28 U.S.C. § 1446(b) in a case where trial is imminent, but state court proceedings have not yet begun.

       Here, the defendants filings between September 6, 2007 and September 18, 2007 were mandated by state court deadlines, and thus do not demonstrate an unequivocal intent to seek an adjudication on the merits.  See Dkt. #50, Exhibit B (Case Scheduling Order).  Similarly, since defendants filed their notice of removal well before the § 1446(b) thirty day period expired, their right to removal has not been waived by failure to promptly file notice of removal.  Therefore, the Court finds that defendants did not waive their right of removal.

**C.      Plaintiffs are not entitled to attorney's fees or court costs.**

       Because defendants' notice of removal is proper as a matter of law, the Court finds that plaintiffs are not entitled to an award of attorney's fees or costs.

//

//

ORDER DENYING PLAINTIFFS'
MOTION TO REMAND                                  4

## IV. CONCLUSION

For all of the foregoing reasons, the Court DENIES plaintiffs' "Motion to Remand Case to Washington Superior Court and for Payment of Fees and Costs" (Dkt. #46).

DATED this 12th day of December, 2007.

Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFFS'
MOTION TO REMAND                              5