UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY BARABIN and GERALDINE BARABIN,

    Plaintiffs,

v.

ALBANY INTERNATIONAL CORP., *et al.*,

    Defendants.

No. C07-1454RSL

ORDER DENYING PLAINTIFFS' MOTION TO ADVANCE TRIAL DATE AND GRANTING DEFENDANT'S MOTION TO EXTEND DISCOVERY DEADLINE

    This matter comes before the Court on "Plaintiffs' Motion to Advance Trial Date," Dkt. #119, and "Defendant Scapa Dryer Fabric, Inc.'s Motion to Extend Discovery Deadline," Dkt. #127. This case is currently set for trial on September 14, 2009. Dkt. #109. Plaintiffs Henry and Geraldine Barabin request an earlier trial date of July 13, 2009 due to Mr. Barabin's age and deteriorating health. Defendants oppose the motion, citing defense counsel's lack of availability, Dkt. #122 at 2-3, and the need for further discovery and case preparation, id. at 4; Dkt. #125 at 8-11. Because of the Court's unavailability, however, the Court need not weigh the merits of the parties' arguments. While the Court understands the precarious nature of plaintiff's medical

condition, the Court's calendar does not allow for a trial date any earlier than September 14, 2009. For this reason alone, plaintiffs' motion to advance the trial date is denied.[1]

Defendant Scapa Dryer Fabric, Inc. requests an extension of the discovery deadline to July 17, 2009 due to plaintiffs' failure to supplement their answers to interrogatories, plaintiffs' failure to stipulate to the authenticity of key documents, and delays in obtaining discovery from a third party. Plaintiffs submitted their responses to defendant's discovery request the same day they filed their response to defendant's motion. See Dkt. #138 at 3. Each side accuses the other of failing to abide by its discovery duties, and, in fact, it appears each side is correct. While defendant's April 24, 2009 requests for production were served less than 30 days from the discovery deadline, see Dkt. #127 at 3; Fed. R. Civ. P. 33(b)(2) (responding party must serve its answers within 30 days of being served with interrogatories), plaintiffs failed to abide by their affirmative duty to timely supplement their discovery responses, see Dkt. #134 at 5; Fed. R. Civ. P. 26(e)(1)(A).

Now that plaintiffs have responded to the discovery request, the Court's remaining interest in extending discovery is to allow the parties time to stipulate to an agreement on the Camas Mill documents. Therefore, the Court will allow a brief extension of the discovery deadline; **discovery must be completed by June 28, 2009**.[2] Accordingly, the deadline for dispositive motions is extended as well; **all dispositive motions must be filed by July 7, 2009**.

---

[1] Because the Court finds that its own calendar precludes an earlier trial date, plaintiffs' request for oral argument is denied.

[2] In deciding this motion, the Court has not considered any reference to or arguments based on the declarations of James Daugherty and Leonard Holmquist contained in defendant's reply brief, Dkt. #138. Plaintiffs' motion to strike lines 1-20 on page four of defendant's reply brief, Dkt. #141, is granted.

ORDER DENYING PLAINTIFFS'
MOTION TO ADVANCE TRIAL DATE
AND GRANTING DEFENDANT'S
MOTION TO EXTEND DISCOVERY
DEADLINE - 2

1 The Court finds that these extensions should afford the parties enough time to resolve all
2 discovery matters while still allowing the Court sufficient time to consider any dispositive
3 motions before the motions in limine deadline.  The trial date will remain at September 14, 2009.
4      For the foregoing reasons, plaintiffs' motion to advance trial date (Dkt. #119) is
5 DENIED.  Defendant's motion to extend the discovery deadline (Dkt. #127) is GRANTED; the
6 new discovery cutoff is June 28, 2009.

     DATED this 11th day of June, 2009.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFFS'
MOTION TO ADVANCE TRIAL DATE
AND GRANTING DEFENDANT'S
MOTION TO EXTEND DISCOVERY
DEADLINE - 3