1

The Honorable Robert S. Lasnik

2

3

4

5

6           UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
7                    AT SEATTLE

8  HENRY BARABIN and GERALDINE           NO. C07-1454 RSL
   BARABIN,
9                                        DEFENDANT SCAPA DRYER
              Plaintiffs,                FABRICS, INC.'S MOTIONS IN
10                                       LIMINE NOS. 1-11
       v.
11                                       **NOTE ON MOTION CALENDAR:**
   ALBANY INTERNATIONAL CORP., et al.,   **August 26, 2009**
12
              Defendants.
13

14        Defendant Scapa Dryer Fabrics, Inc. ("Scapa"), hereby submits the attached *motions in*

15  *limine* to the Court.

16        DATED this 17th day of August, 2009.

17
                              s/Jan C. Kirkwood, WSBA #11092
18                            Attorney for Defendant Scapa Dryer Fabrics, Inc.
                              WILLIAMS, KASTNER & GIBBS PLLC
19                            601 Union Street, Suite 4100
                              Seattle, WA  98101-2380
20                            Telephone:  (206) 628-6600
                              Fax: (206) 628-6611
21                            jkirkwood@williamskastner.com

22

23

24

25

DEFENDANT SCAPA DRYER FABRICS, INC.'S MOTIONS IN        **Williams, Kastner & Gibbs PLLC**
LIMINE NOS. 1-11 – p. 1                                  601 Union Street, Suite 4100
                                                         Seattle, Washington 98101-2380
(C07-1454 RSL)                                           (206) 628-6600

2577574.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Of Counsel:*

H. Lane Young (*Pro Hac Vice*)
M. Elizabeth O'Neill (*Pro Hac Vice*)
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street N.E.
Atlanta, Georgia 30308-3243
Telephone:     (404) 614-7400
Facsimile:     (404) 614-7500
Email:  lyoung@hplegal.com
Email:  eoneill@hplegal.com

Attorneys for Scapa Dryer Fabrics, Inc.

DEFENDANT SCAPA DRYER FABRICS, INC.'S MOTIONS IN
LIMINE NOS. 1-11 – p. 2

(C07-1454 RSL)

2577574.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

<u>MOTIONS IN LIMINE</u>

2
In diversity cases, the Federal Rules of Evidence govern motions in limine except in the

3
circumstances where a state rule of evidence is "'intimately bound up' with the rights and

4
obligations being asserted . . ." <u>Hall v. Baxter Healthcare Corp.</u>, 947 F. Supp. 1387, 1395 (9th

5
Cir. 1996)(quoting <u>Wray v. Gregory</u>, 61 F.3d 1414, 1417 (9th Cir. 1995)(quoting <u>Erie R.R. Co.</u>

6
<u>v. Tompkins</u>, 304 U.S. 64, 78 (1938)). Evidence that is not relevant is inadmissible. Fed. R.

7
Evid. 402. Relevant evidence is that evidence that makes a fact to be proven at trial more or

8
less likely. Fed. R. Evid. 401; <u>United States v. Cabrera</u>, 222 F.3d 590, 596 (9th Cir. 2000).

9
Further, relevant evidence is inadmissible if it is unfairly prejudicial, confuses the true issues,

10
misleads the jury or is needlessly cumulative. Fed. R. Evid. 403; <u>United States v. LeMay</u>, 260

11
F.3d 1018, 1027 (9th Cir. 2001). Motions in limine are favored by the courts, and the filing of

12
the same is not admissible before the jury. <u>See</u>, <u>Ohler v. United States</u>, 529 U.S. 753, 758, 120

13
S. Ct. 1851 (2000); <u>See also</u>, <u>United States. v. Cook</u>, 608 F.2d 1175, 1186 (9th Cir 1979).

14
Once the Court makes a final ruling before trial on the record admitting evidence, a

15
party need not renew its objection to preserve a claim of error for appeal. Fed. R. Evid.

16
103(a)(2). The moving party should be spared the necessity of calling attention to it by

17
objecting when it is offered at trial.

18
    I.  <u>MOTION IN LIMINE NO. 1: TO PRECLUDE</u>
<u>PLAINTIFFS' COUNSEL FROM ENTERING INTO</u>

19
      <u>EVIDENCE INFORMATION REGARDING SCAPA'S</u>
<u>FINANCIAL CONDITION</u>

20
Scapa seeks an order prohibiting Plaintiff from referring to or introducing evidence

21
about the financial circumstances of either party. Evidence of a party's financial condition is

22
irrelevant, prejudicial, and must be excluded under Rules 402 and 403. Whether a party has

23
insurance, no insurance, insufficient funds, or a vast personal fortune is irrelevant to issues of

24
liability, causation or damages:

25

DEFENDANT SCAPA DRYER FABRICS, INC.'S MOTIONS IN
LIMINE NOS. 1-11 – p. 3

(C07-1454 RSL)

2577574.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

> It has been widely held by the courts that . . . the financial standing of the defendant is inadmissible as evidence. . . . The rationale behind this general rule is sound.  The design of compensatory damages is to make plaintiff whole . . . and the ability of a defendant to pay the necessary damages injects into the damage determination a foreign, diverting, and distracting issue which may effectuate a prejudicial result.  We agree with the overwhelming majority of courts which have examined this issue and which have disapproved of the use of a defendant's financial condition in determining compensatory damages.

Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (internal citations omitted); see also Marvin Johnson, P.C. v. Shoen, 888 F. Supp. 1009, 1014 (D. Ariz. 1995).  The same rationale applies to an individual plaintiff.  The introduction of such evidence or reference to the financial consequences of the jury's decision upon a party can constitute grounds for reversal.

Plaintiff also should be prohibited from suggesting or implying that the jury should be more lenient in interpreting the evidence on whether plaintiff has met his burden of proof because plaintiff is an individual while the defendant is a corporation.  Such arguments invite the jury to decide the case on an improper, emotional basis rather than on the evidence.  See e.g., Fed. R. Evid. 403.

## II. MOTION IN LIMINE NO. 2:  TO EXCLUDE REFERENCE TO SCAPA'S MANUFACTURING FACILITY AND MANUFACTURING FACILITIES PLAINTIFFS NEVER VISITED.

Scapa seeks to exclude evidence regarding working conditions and work experiences at manufacturing facilities where Plaintiff never visited or worked.  The evidence is that plaintiff Henry Barabin did not work at or visit paper machine dryer felt manufacturing plants, let alone such a plant owned or operated by Scapa.  Therefore, evidence regarding Scapa or any other dryer felt manufacturer's employees' experience working in a dryer felt manufacturing facility is irrelevant, unduly prejudicial, confusing, misleading, and a waste of time.

Evidence or testimony is subject to exclusion in limine where the evidence or testimony is irrelevant, unduly prejudicial, or otherwise inadmissible.  See Fed. R. Evid. 402 ("[e]vidence

DEFENDANT SCAPA DRYER FABRICS, INC.'S MOTIONS IN LIMINE NOS. 1-11 – p. 4

(C07-1454 RSL)

2577574.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1   which is not relevant is not admissible.") and Fed. R. Evid. 403 (providing that the court may

2   exclude evidence when its probative value is substantially outweighed by the danger of unfair

3   prejudice).  Granting this pre-trial order is proper because the evidence sought to be excluded is

4   specifically stated so as to show it to be inadmissible or prejudicial.

5          Plaintiffs allege injury as a result of exposure to asbestos dust from a variety of

6   products while working at the Camas Pulp and Paper Mill in Camas, Washington.  Scapa and

7   certain other dryer felt manufacturers once made products containing encapsulated asbestos

8   yarn.  Plaintiffs' counsel may attempt to offer evidence at trial concerning the working

9   conditions at dryer felt manufacturing plants or the health experience of the employees at

10  plants.  This evidence may include workers' compensation claims made by employees

11  employed at dryer felt manufacturing plants.  Plaintiffs' counsel also may attempt to imply

12  from this evidence that the dryer felt defendants, AstenJohnson and/or Scapa, should have

13  known about the health hazards, if any, of the finished products – dryer felts and fabrics – to

14  end-product users and bystanders, such as Plaintiff.

15         Mr. Barabin was not employed by Scapa.  There is no evidence that Mr. Barabin was

16  employed by any other asbestos-containing product manufacturers either.  Rather,

17  Mr. Barabin's alleged exposures to asbestos fibers occurred while he was working with and

18  around various types of finished asbestos-containing products or in the vicinity of others

19  installing or removing finished asbestos-containing products.  If any dryer felt manufacturing

20  plant worker was exposed to asbestos in the context of that work, it was due to direct and

21  continuous contact with the dryer felt/fabric manufacturing process, on a daily basis, for eight

22  hours a day and five days a week.  Dryer felt manufacturing plant workers worked in an

23  enclosed environment where, during certain years, the asbestos-containing yarns were

24  combined using proprietary processes unique to each manufacturer with other ingredients to

25  produce the finished dryer felt products.

DEFENDANT SCAPA DRYER FABRICS, INC.'S MOTIONS IN
LIMINE NOS. 1-11 – p. 5

(C07-1454 RSL)

2577574.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1     By comparison, Mr. Barabin claims to have worked in the vicinity of finished dryer

2  felts and fabrics (that may or may not have contained asbestos), asbestos-containing insulation

3  products, as well as non-asbestos products at the Camas Mill and other workplaces, including

4  the Port Arthur Texaco Refinery.  Mr. Barabin did not work with materials used to make dryer

5  felts or semi-finished asbestos dryer felt/fabric products in a manufacturing environment.  At

6  issue in this case is not if, when, and what Scapa or any other dryer felt manufacturer knew

7  about the hazards of asbestos-containing yarns being used in the dryer felt/fabric

8  manufacturing environment, but knowledge of any hazards to dryer felt end users or

9  bystanders.

10  A.     Conditions at Facilities Where Plaintiff Did Not Work Are Irrelevant.

11     Evidence relating to the dryer felt manufacturing environment is irrelevant to the issues

12  in this case because Mr. Barabin never worked at any of these facilities.  In Lohrmann v.

13  Pittsburgh Corning Corp., 782 F.2d 1156 (4th Cir. 1986), Plaintiff was a pipefitter who worked

14  at a shipyard where asbestos insulation products were used.  In refusing to allow the

15  introduction of a deposition from a prior action regarding plant conditions of a defendant

16  asbestos insulation manufacturer, the Fourth Circuit Court of Appeals stated:

17           In the prior action there was a claim of the hazardous effects of raw asbestos
             upon the health of plant workers exposed to the raw asbestos in a manufacturing
18           environment.  In the present case, the plaintiff is not a plant worker, but a
             pipefitter, who from time to time worked in close proximity to insulators and
19           others using products containing asbestos after it had been processed.

20  Id. at 1161.

21     The same analysis merits exclusion of evidence regarding dryer felt manufacturing

22  plant workers in this case.  Mr. Barabin was not employed by any dryer felt manufacturer,

23  including Scapa.  Moreover, Mr. Barabin does not claim exposure to asbestos at any

24  manufacturing facility of any dryer felt manufacturer, including Scapa.  As a result, conditions

25

DEFENDANT SCAPA DRYER FABRICS, INC.'S MOTIONS IN
LIMINE NOS. 1-11 – p. 6

(C07-1454 RSL)

2577574.1

at these facilities are irrelevant to the issues in this case and this Court should preclude

Plaintiffs from offering any such evidence at trial. Fed. R. Evid. 403.

B.      Any Probative Value of Evidence Relating to Experience in Dryer Felt Manufacturing
        Plants is Outweighed by Prejudice, Confusion, and Waste of Time.

        Fed. R. Evid. 403 provides "[A]lthough relevant, evidence may be excluded if its

probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless

presentation of cumulative evidence". See also, United States v. LeMay, 260 F.3d 1018, 1027

(9th Cir. 2001). Should the Court find that evidence relating to the working conditions at any

dryer felt manufacturing plants or the health experience of those manufacturing employees has

some probative value in this matter, which Scapa denies, any such probative value is

outweighed by (1) its misleading effect and the confusion it would cause the jury, and (2) the

delays and volume of other controverting evidence Scapa would then be required to introduce

in response. Admission of this evidence would also greatly prejudice Scapa and unduly delay

these proceedings. Therefore, it should be excluded.

        Plaintiffs' counsel may seek to admit this evidence to imply that Scapa or another dryer

felt manufacturer had knowledge or should have had knowledge of the potential hazard, of

exposure from asbestos-containing dryer felts and fabrics to end-users and/or bystanders based

on experiences of their plant workers.[1] This evidence is prejudicial to Scapa and confusing the

jury because the evidence does not relate to potential hazards to a user or bystander of finished

dryer felts and fabrics, the circumstances involved in this case.

        If evidence of manufacturing conditions and the health status of any of dryer felt

manufacturers' employee is allowed, it will open the door to a significant amount of evidence

relating to the similarity or dissimilarity of working conditions at the Camas Mill (where

---

[1] Scapa denies there is any potential health hazard from exposure to dryer felts at any stage of the manufacturing process or while in use by an end-user.

DEFENDANT SCAPA DRYER FABRICS, INC.'S MOTIONS IN
LIMINE NOS. 1-11 – p. 7

(C07-1454 RSL)

2577574.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    Plaintiff worked) and the dryer felts and fabrics plants operated by Scapa or other companies.

2    Additional witnesses on other company's occupational health experience, manufacturing

3    process, industrial hygiene programs, and other areas would be called to testify regarding those

4    issues.  Numerous complicated and sophisticated dust studies related to a paper maker's

5    exposure or to Scapa's plants would need to be explained.  All of this diverts the jury from the

6    real issues in this case regarding Plaintiffs' alleged exposure to Scapa dryer felts at the Camas

7    Mill.  Tangential evidence such as evidence related to alleged exposures Mr. Barabin did not

8    experience, will serve only to lengthen the trial.

9          In In re Related Asbestos Cases, 543 F. Supp. 1152 (N.D. Cal. 1982), cited with

10   approval in Lohrmann, 782 F.2d at 1161, the court excluded workers' compensation

11   documents on the question of notice even though the court believed them to be relevant under

12   the facts of that case.  One of the reasons for the court's holding was that the issues were

13   collateral and would create unnecessary confusion and undue delay:

14            Moreover, the voluminous documents present innumerable collateral issues.
             The defendants would undoubtedly pursue such issues on cross-examination.
15           The remoteness in time of many of the actions, as well as the multiplicity of
             jurisdictions in which the actions occurred, insure that such an exercise would
16           not serve to enlighten the jury as to the central issues of the case, but instead,
             would cause unnecessary confusion and undue delay.
17

18   Id.  (emphasis added).  Similarly, even if the health experience (positive or negative) of the

19   workers in a dryer felt manufacturing facility was relevant to the instant case, which it is not,

20   documents such as workers' compensation records would only confuse the issues and unduly

21   delay the trial.  This is exactly the situation that the In Re Related Asbestos Cases Court sought

22   to avoid by excluding such evidence.

23         In the present case, evidence of conditions at locations where Mr. Barabin never

24   worked would simply prolong what is expected to be a three to four week trial.  Moreover, that

25   evidence would likely confuse the jurors and cause unfair prejudice to Scapa.  As a result, the

DEFENDANT SCAPA DRYER FABRICS, INC.'S MOTIONS IN
LIMINE NOS. 1-11 – p. 8

(C07-1454 RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2577574.1

1   Court should exclude evidence of conditions or experiences at manufacturing facilities where

2   Mr. Barabin was never present.

3       III.   MOTION IN LIMINE NO. 3:  TO EXCLUDE
              EVIDENCE RELATING TO THE ASBESTOS
4             TEXTILE INSTITUTE

5       Scapa seeks to exclude all evidence relating to the Asbestos Textile Institute ("ATI")

6   because Scapa was never a member of the ATI and the evidence related to the ATI is irrelevant

7   and misleading as to Scapa.  Upon information and belief, the ATI is a conglomeration of

8   various textile manufacturers who utilized the organization for purposes of marketing their

9   respective products.  Scapa, however, was not a member of the ATI.  Scapa anticipates that

10  Plaintiffs may seek to introduce at trial evidence relating to the ATI against Scapa.  The Court

11  should preclude such evidence because it is irrelevant and misleading as to Scapa.

12  A.     Evidence Related to the ATI is Irrelevant as to Scapa.

13      Relevance "exists only as a relation between an item of evidence and a matter properly

14  provable in the case."  2 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal

15  Evidence, § 401.04 (Joseph M. McLaughlin, ed., 2006).  The facts must be "of consequence to

16  the determination of the action."  Fed. R. Evid. 401; see also, Olsen v. American S.S. Co., 176

17  F.3d 891, 879 (6th Cir. 1999) (evidence not related to a claim properly excluded as irrelevant).

18  Plaintiffs can offer no basis upon which evidence related to the ATI is admissible as to Scapa.

19  Here, the ATI documents are not relevant as to Scapa.  Scapa was not a member of the ATI.

20  The conduct of ATI and its members is neither material nor probative.  For this reason, the

21  Court should exclude all ATI evidence offered by the Plaintiffs.

22  B.     ATI Evidence is Prejudicial and Misleading as to Scapa.

23      Under Fed. R. Evid. 403, the Court may forbid inquiry into matters that are prejudicial,

24  confusing, misleading, cumulative, or a waste of time even if of some marginal relevance.

25  Fed. R. Evid. 403; United States v. LeMay, 260 F.3d 1018, 1027 (9th Cir. 2001).  Here,

DEFENDANT SCAPA DRYER FABRICS, INC.'S MOTIONS IN
LIMINE NOS. 1-11 – p. 9

(C07-1454 RSL)

2577574.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1   evidence related to the ATI, even if relevant, is misleading and unfairly prejudicial as to Scapa.

2   Plaintiffs must concede that Scapa was never a member of the ATI.  The knowledge and/or

3   conduct of other dryer felt manufacturers who were members of the ATI would simply confuse

4   the jurors.  Plaintiffs have no legitimate basis upon which to offer the ATI evidence as to

5   Scapa.  Plaintiffs simply want to confuse the jurors with knowledge and conduct attributable to

6   the ATI and its members, because Plaintiffs lack evidence of wrongdoing as to Scapa.  The

7   Court should not allow the Plaintiffs to blur the knowledge and conduct of Scapa with an

8   organization that Scapa never joined.

9         IV.  MOTION IN LIMINE NO. 4:  TO EXCLUDE
            POST-EXPOSURE AND POST-CESSATION
10              EVIDENCE

11        Scapa seeks to exclude all evidence relating to post-cessation evidence and post-

12  exposure evidence to establish that dryer felts were unreasonably dangerous in their normal

13  and intended use, and that Scapa knew or should have known of the alleged hazard and failed

14  to warn others.  Scapa seeks to bar this evidence, or, in the alternative, bar it insofar as it relates

15  to anything other than the narrow issue of whether Scapa had a post-cessation and post-

16  exposure duty to warn.

17  A.  Post-Cessation and Post-Exposure Evidence is not Relevant to Plaintiffs' Strict
       Liability Claims.
18

19        With respect to Plaintiffs' strict liability claims, Plaintiffs cannot meet the burden of

20  proof as to Scapa by establishing the state of the art after the last date Scapa manufactured

21  asbestos-containing dryer felts ("post-cessation evidence").  Likewise, Plaintiffs cannot meet

22  the burden of proof by establishing the state of the art after Plaintiffs' last exposure to asbestos-

23  containing dryer felts ("post-exposure evidence").  Furthermore, Plaintiffs cannot meet the

24  burden of proof by establishing the state of the art with respect to manufacturers of other

25  asbestos-containing products, such as insulation, after Plaintiffs' last exposure to asbestos-

DEFENDANT SCAPA DRYER FABRICS, INC.'S MOTIONS IN
LIMINE NOS. 1-11 – p. 10

(C07-1454 RSL)

2577574.1

1  containing dryer felts or after the date Scapa ceased manufacturing asbestos-containing dryer

2  felts.

3      Scapa last produced asbestos-containing dryer felts in 1978.  In the normal course of

4  business, Scapa's asbestos containing dryer felts would have been in use within twelve months

5  after they were shipped to the mill.  Washington law defines plaintiffs' burden of proof on their

6  product liability and negligence claims.  To prevail on a product liability claim in Washington,

7  Plaintiffs must prove that the product is "not reasonably safe."  A product is not reasonably

8  safe as designed if <u>at the time it leaves the manufacturer's control</u>, the product is unsafe to an

9  extent beyond that which would be contemplated by an ordinary user.  <u>Falk v. Keene Corp.</u>,

10 113 Wn.2d 645, 661-663 (1989) (emphasis added).[2]

11

12     The courts of other jurisdictions, when considering post-cessation evidence, have ruled

13 that "[t]he relevant inquiry is as to the defendant's knowledge of the defect and danger

14 associated with the product, 'at the time the product left the defendant's possession or

15 control.'"  <u>AC&S, Inc. v. Godwin</u>, 340 Md. 334, 360, 667 A.2d 116, 128 (1995) (quoting

16 <u>Owens Illinois, Inc. v. Zenobia</u>, 325 Md. 420, 462, 601 A.2d 633, 653-54 (1992)).  Therefore,

17 any evidence of post-cessation or post-exposure "state of the art" should be excluded with

18 respect to Plaintiffs' strict liability claims.

19 B.    <u>Post-Cessation and Post-Exposure Evidence Relating to any "Failure to Warn" Claims
20       Asserted by Plaintiffs Must be Severely Limited, if Admissible at All.</u>

21     Under Washington law, a manufacturer's duty to warn after the direct exposure to the

22 product has ceased arises only where "a person's susceptibility to the danger of a product

23 <u>continues after</u> that person's direct exposure to the product has ceased."  <u>Lockwood v. AC&S</u>,

24

---

25 [2] Because Washington law will determine Plaintiffs' burden of proof at trial, it is applicable here to determine the
   issue of relevancy.  Fed. R. Evid. 401.
   DEFENDANT SCAPA DRYER FABRICS, INC.'S MOTIONS IN
   LIMINE NOS. 1-11 – p. 11

   (C07-1454 RSL)

   2577574.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1   <u>Inc.</u>, 109 Wn.2d 235, 260, 744 P.2d 605 (1987) (emphasis added).  If Plaintiffs have admissible

2   evidence fulfilling this requirement in the instant case, then:

> the manufacturer still has a duty after exposure to exercise reasonable care to
> warn the person of known dangers, if the warning could help to prevent or
> lessen the harm.  Such a warning should be required to the extent practicable.

5   <u>Lockwood</u>, 109 Wn.2d 260.  If Plaintiffs' evidence fulfills the above requirements, then

6   evidence of a defendant's knowledge of the hazards of asbestos may be admissible.

7   In the instant case, Plaintiffs cannot meet their burden imposed under the above test.

8   Based on Mr. Barabin's testimony, Scapa believes the evidence will show that dryer felts are

9   changed every three to six months, old felts are discarded and that dryer felts at Camas were

10  used within a year of their purchase.  Unlike a machine or pierce of heavy equipment, any

11  danger posed by a dryer felt, which danger Scapa denies, abates once the felt is removed.

12  Furthermore, there is no basis for concluding that state of the art evidence learned after

13  1978 regarding the alleged health hazards of asbestos-containing dryer felts, could have

14  averted the injuries claimed by Mr. Barabin had it been disclosed after 1978.  A warning or

15  other activity after 1978, when any alleged exposure would have taken place, could not have

16  prevented future exposures, nor could later warnings, even if required, affect any ongoing

17  disease process resulting from earlier exposures to asbestos.  Thus, post-exposure evidence is

18  likewise irrelevant.

19  Any "notice" which, assuming arguendo, Scapa might have received after

20  Mr. Barabin's last exposures, and after it ceased manufacturing the products at issue, could not

21  have put Scapa on notice as to the potential risks, if any, to Plaintiff.  Hence, not only is such

22  evidence irrelevant, its admission would be unduly prejudicial in that the jury's attention would

23  be drawn to actions which had no impact upon Plaintiffs and no relevance to Scapa's

24  knowledge at the time of Plaintiffs' alleged exposure to Scapa dryer felts.

25

DEFENDANT SCAPA DRYER FABRICS, INC.'S MOTIONS IN
LIMINE NOS. 1-11 – p. 12

(C07-1454 RSL)

2577574.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

C.    Post-Cessation and Post-Exposure Evidence Relating to Other Types of Asbestos
Product Manufacturers Should Not Apply to Dryer Felt Manufacturers Because of Lack
2
of Scientific Knowledge or Evidence That Dryer Felts Were Unreasonably Dangerous.

3          State of the art evidence with respect to other asbestos containing products and

4    manufacturers is irrelevant to Scapa, as discussed above.  The reported case law allowing "state

5    of the art" evidence as to "other manufacturers" involves evidence of knowledge of

6    manufacturers of the same type of product as the one involved in the specific case.  In most

7
cases the product is amphibole asbestos-containing insulation products.  See, e.g., King v.
8
9    Armstrong World Indust., 906 F.2d 1022 (5th Cir. 1990) (deposition testimony admitted under

10   an instruction that it was offered for the limited purpose of showing, if it does, what the

11   insulation industry knew or could have discovered by testing their products).

12          Here, there is no evidence that chrysotile asbestos-containing dryer felts have been

13   shown to present a risk of harm to direct users or bystanders at all.  Moreover, there is no

14   evidence that asbestos-containing dryer felts have been shown to present a risk of harm similar

15   to exposure to asbestos insulation products.  The state of the art for asbestos insulation

16   manufacturers, for instance, cannot be used to show the state of the art for manufacturers of

17   dryer felts and fabrics.  See e.g., Dartez v. Fibreboard Corp., 765 F.2d 456, 460 (5th Cir. 1985).

18

19          State of the art evidence with respect to asbestos insulation manufacturers in and of

20   itself should not be permitted to show state of the art with respect to Scapa.  Thus, post-

21   exposure and post-cessation state of the art evidence as to asbestos insulation manufacturers is

22   irrelevant and inadmissible under Dartez and the other authorities set forth herein to show state

23
of the art for Scapa.
24

25

DEFENDANT SCAPA DRYER FABRICS, INC.'S MOTIONS IN
LIMINE NOS. 1-11 – p. 13

(C07-1454 RSL)

2577574.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    In the event that this Court should rule that such evidence is admissible against Scapa,

2  then Scapa requests that the court order that it does not apply by direct analogy to Scapa or its

3  products, but is only relevant to the state of the art of other types of asbestos containing

4  products by way of background information only.

5

6          V.   MOTION IN LIMINE NO. 5:  TO EXCLUDE
                COMMON REFERENCES TO COMPANIES OR
                DEFENDANTS AS "THE ASBESTOS INDUSTRY"
7              OR "THE INDUSTRY"

8    Scapa seeks to exclude all evidence referring to Scapa in conjunction with the terms

9  "asbestos industry" or "member of the asbestos industry."  Plaintiffs and their counsel are

10  expected to refer to the terms "asbestos industry" and "members of the asbestos industry" and

11  may refer to Scapa as part of that industry.

12    Asbestos products are not uniformly harmful and, therefore, should not be treated as a

13  "monolithic group."  Becker v. Baron Bros., Coliseum Auto Parts, Inc., 649 A.2d 613, 620-21

14  (N.J. 1994).  Accordingly, the dryer felts manufactured by Scapa should not be deemed simply

15  "asbestos" and Scapa should not be deemed a member of the "asbestos industry" for any

16  purposes at the upcoming trial.  In particular, Scapa objects to Plaintiffs' anticipated evidence

17  about raw asbestos, asbestos manufacturing processes and asbestos products which are

18  "substantively distinguishable" from dryer felts.  Such evidence is not relevant to what Scapa

19  knew or should have known about its product, because there is no evidence that dryer felts

20  released respirable, dose-sufficient qualities and quantities of asbestos fibers during their use to

21  cause disease.

22    Similar to Scapa's argument with respect to past exposures and post-cessation evidence,

23  when evidence of the knowledge or conduct of others is admitted in asbestos cases it is usually

24  limited to other manufacturers manufacturing the same type of product as the product at issue.

25

DEFENDANT SCAPA DRYER FABRICS, INC.'S MOTIONS IN
LIMINE NOS. 1-11 – p. 14

(C07-1454 RSL)

2577574.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    For example, in <u>King v. Armstrong World Indus.</u>, 906 F.2d 1022 (5th Cir. 1990), Celotex, an

2    amphibole asbestos insulation manufacturer, objected to the evidentiary use of the depositions

3    of other asbestos product manufacturers' representatives taken in other cases. The court noted

4    that the deposition testimony was admitted under an instruction that it was "offered for the

5    limited purpose of showing, if it does, what the industry knew or could have discovered by

6    testing their products." <u>Id</u>. at 1025 n.5.

7         Here, however, unlike the situation in <u>King</u>, there is no evidence that dryer felts have

8    been shown to present a risk of harm to end-users or bystanders at all, let alone similar to the

9    risks associated with exposure to thermal insulation products, for instance. The state of the art

10   for asbestos insulation manufacturers is not the state of the art for manufacturers of dryer felts.

11   <u>See</u> <u>e.g.</u> <u>Dartez v. Fibreboard Corp.</u>, 765 F.2d 456 (5th Cir. 1985); <u>Gideon v. Johns-Manville</u>

12   <u>Sales Corp.</u>, 761 F.2d 1129 (5th Cir. 1985). Thus, in this case, the asbestos insulation

13   manufacturers' state of the art should not be admitted against Scapa.

14        Moreover, use of the false label "asbestos industry" is unfairly prejudicial because this

15   collective noun connotes by its mere usage a connection, agreement, or disposition toward

16   agreement, among certain parties. This connotation has no basis in fact if the comparison is

17   between thermal insulation manufacturers and Scapa. Plaintiffs will likely employ the term to

18   suggest the existence of a group relationship in their quest to convince the jury to find that

19   Scapa participated in actionable group behavior.[3] The use of this terminology is also an

20   attempt to impute the knowledge of other entities to Scapa.

21        Where the use of unfair or prejudicial language can be foreseen, it is properly

22   prohibited <em>in limine</em>, thus avoiding a problematic exercise in attempting to un-ring the bell. <u>See</u>

23   <u>In Related Cases</u>, 543 F. Supp. 1152, 1159 (N.D. Cal. 1982). "Motions in limine are frequently

24   made in the abstract and in anticipation of some hypothetical circumstance that may not

25

---

[3] Plaintiffs'' civil conspiracy claim was dismissed by Judge Lau in her Order dated July 27, 2007.

DEFENDANT SCAPA DRYER FABRICS, INC.'S MOTIONS IN
LIMINE NOS. 1-11 – p. 15

(C07-1454 RSL)

2577574.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    develop at trial." Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1504 (11th Cir. 1985)

2    (quoting Collings v. Wayne Corp., 621 F.2d 777, 794 (5th Cir. 1980)).   An order *in limine* in

3    advance of trial recognizes that once a plaintiff engages in the practice, damage has been done.

4    Applying these principles here, this Court should prohibit use of the terms "asbestos industry"

5    or "member of the asbestos industry" (or any other suggestion that Scapa was a member of any

6    formal or informal group related to asbestos) as unfairly and unduly prejudicial because such

7    terms improperly imply the existence of a group and group behavior.

8    VI.   MOTION IN LIMINE NO. 6:  TO EXCLUDE
           REFERENCES TO HURRICANE KATRINA
9          AND THE DEATH OF PLAINTIFF'S SISTER

10         During his deposition, Mr. Barabin testified that his sister, Irene, passed away as a

11   result of events related to Hurricane Katrina.  Plaintiffs' counsel elicited this testimony from

12   Mr. Barabin during the videotaped perpetuation deposition.  Scapa anticipates that Plaintiffs

13   may seek to refer to Hurricane Katrina and the death of Plaintiff's sister at trial in an effort to

14   garner sympathy for plaintiffs.  The Court should preclude this evidence because it is irrelevant

15   and prejudicial.

16         Relevance "exists only as a relation between an item of evidence and a matter properly

17   provable in the case."  2 Jack B. Weinstein &  Margaret A. Berger, Weinstein's Federal

18   Evidence, § 401.04 (Joseph M. McLaughlin, ed., 2006).  The facts must be "of consequence to

19   the determination of the action."  Fed. R. Evid. 401; see also, Olsen v. American S.S. Co., 176

20   F.3d 891, 879 (6th Cir. 1999) (evidence not related to a claim properly excluded as irrelevant).

21   Plaintiffs can offer no basis upon which references to Hurricane Katrina and the death of

22   Plaintiff's sister are admissible as to Scapa.  Mr. Barabin testified that his sister's family is not

23   financially dependent on Plaintiffs for their day-to-day needs.  Mr. Barabin's family loss is not

24   at all relevant to the issues in this case.  The purpose of seeking to introduce such evidence

25   could only be to cast Mr. Barabin in a more sympathetic light to the jury for reasons unrelated

DEFENDANT SCAPA DRYER FABRICS, INC.'S MOTIONS IN
LIMINE NOS. 1-11 – p. 16

(C07-1454 RSL)

2577574.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1   to his claims in this case.  This is prohibited by the rules of evidence.  ER 401, 403.  As such,

2   the Court should prohibit Plaintiffs from making reference to Hurricane Katrina or the loss of

3   Mr. Barabin's sister.

VII.   MOTION IN LIMINE NO. 7: TO EXCLUDE
4          EVIDENCE OF STATE OF THE ART
       KNOWLEDGE OF INDUSTRIES OTHER
5       THAN DRYER FELT MANUFACTURERS

6           Scapa seeks to exclude all evidence referring to knowledge related to the health hazards

7   associated with asbestos from other trades or industry.  There is no evidence that dryer felts

8   have been shown to present a risk of harm to end-users or bystanders at all, let alone similar to

9   the risks associated with exposure to other products.  Dryer felt manufacturers did not possess

10  the same state of the art knowledge as other manufacturers, like those of thermal insulation

11  products.  As such, these manufactures' knowledge regarding state of the art should not be

12  imputed to Scapa, it is irrelevant and prejudicial.

13          As stated above, asbestos products are not uniformly harmful and, therefore, should not

14  be treated as a "monolithic group."  Becker v. Baron Bros., Coliseum Auto Parts, Inc., 649

15  A.2d 613, 620-21 (N.J. 1994).  Furthermore, the state of the art for asbestos insulation

16  manufacturers is not the state of the art for manufacturers of dryer felts.  Dartez v. Fibreboard

17  Corp., 765 F.2d 456 (5th Cir. 1985); Gideon v. Johns-Manville Sales Corp., 761 F.2d 1129 (5th

18  Cir. 1985).  The reported case law allowing "state of the art" evidence as to "other

19  manufacturers" involves evidence of knowledge of  manufacturers of the same type of product

20  as the one involved in the specific case.  In most cases the product is asbestos insulation

21  products.  See, e.g., King v. Armstrong World Indust., 906 F.2d 1022 (5th Cir. 1990).

22          Scapa has never manufactured thermal insulation products.  Scapa has never mined raw

23  asbestos.  Scapa has never been a member of thermal insulation trade associations.  Plaintiffs

24  will likely attempt to argue that Scapa should have known about the health hazards associated

25

DEFENDANT SCAPA DRYER FABRICS, INC.'S MOTIONS IN
LIMINE NOS. 1-11 – p. 17

(C07-1454 RSL)

2577574.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1   with asbestos prior to 1978 when it stopped manufacturing asbestos-containing dryer felts.

2   However, to draw this inference based on the knowledge possessed by manufacturers in

3   industries completely unrelated to Scapa is prejudicial.  Thus, asbestos insulation

4   manufacturers' state of the art should not be admitted against Scapa.

5                VIII.  MOTION IN LIMINE NO. 8: TO EXCLUDE
                        EVIDENCE THAT IS PREJUDICIAL AND
6                       INFLAMMATORY

7        Scapa seeks to exclude all statements by Plaintiffs that are irrelevant and prejudicial

8   and are designed to elicit sympathy from the jury.  As stated above, evidence must be of

9   consequence to the determination of the action in order to be admissible.  Fed. R. Evid. 401;

10  Olsen v. American S.S. Co., 176 F.3d 891, 879 (6th Cir. 1999).  For example, the court should

11  prohibit statements asking the jury to serve as the "conscience of the community."  Plaintiffs

12  should also be prohibited from suggesting that any defendant corporation is "without a heart or

13  soul."  Nor should Plaintiffs be permitted to tell the jury to "send Scapa a message" or any

14  other such language that is calculated to have the jury assess the damages based upon an

15  emotional response and not upon the evidence and Court's charge.  It is also improper for

16  Plaintiffs to make any argument or statement that members of the jury would or would not take

17  any amount of money to be in the position of the Plaintiffs or their family, or other language

18  attempting to have jurors place themselves in the position of the Plaintiffs or their family.

19       These types of statements are irrelevant, inflammatory, and highly prejudicial.  They

20  serve only to improperly elicit sympathy from the jury.  The Court should prohibit Plaintiffs

21  from making such statements or arguments.

22               IX.  MOTION IN LIMINE NO. 9:  TO EXCLUDE
                      WITHDRAWN AND PREVIOUSLY UNDISCLOSED
23                    WITNESSES AND EXHIBITS RELATED THERETO

24       Fed. R. Civ. P. 26(a)(1) requires the parties to identify their fact witnesses in their

25  initial disclosures.  Plaintiffs submitted their Initial Disclosure on March 3, 2009.  Kirkwood

DEFENDANT SCAPA DRYER FABRICS, INC.'S MOTIONS IN
LIMINE NOS. 1-11 – p. 18

(C07-1454 RSL)

2577574.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1   Decl. at ¶ 2.  They did not supplement or amend it between that date and today.  Id.  Their

2   Initial Disclosure referenced the deposition of Jack Barratt as a potential trial exhibit.  Id.  That

3   deposition was purportedly taken in the Graham cases tried in King County in the late 1990s.[4]

4   Mr. Barratt was not identified as a fact witness.  Id.  Nor was he identified as a witness for

5   plaintiff in the Joint Statement of Evidence submitted in state court.  Id.  Plaintiffs indicate that

6   they will attempt to call Mr. Barratt as a fact witness who will testify live at trial.  Id. at Ex A

7   (Kirkwood Decl. at pp. 07).  Mr. Barratt was not deposed in this case and discovery concluded

8   on July 28, 2009.  According to plaintiffs, Mr. Barratt resides beyond the subpoena power for

9   this Court.  Id,at ¶ 2.  Scapa would have noticed Mr. Barratt's deposition if it had known

10  plaintiffs intended to call him live and if they had disclosed his whereabouts.  Id.

11         In addition, Rule 26(a)(2) directed the parties to disclose their expert witnesses.

12  Plaintiffs identified their expert witnesses on or about April 21, 2009.  Id. at ¶ 3 and Ex. D

13  (Kirkwood Decl. at pp. 27-31).   Charles Ay, Frank Parker, Sam Hammar and Robert Patton

14  were not included in that disclosure even though they were included in plaintiffs' initial

15  disclosure.  Id.  Discussions were had among counsel and plaintiffs confirmed that they

16  withdrew these experts.[5]  Id. at Exs. B and C (Kirkwood Decl. at pp. 12-16 and 17-25).

17  Despite these representations, plaintiffs include Parker as a witness who may testify and

18  exhibits related to Patton and Ay who they list but who they state will not testify.  Id.

19         An order in limine should enter preventing plaintiffs from calling Jack Barratt as a live

20  witness; calling Frank Parker as an expert witness; and striking their exhibits 11, 591, 644

21  (related to C. Ay), 17, 597, 602, and 638 (related to Robert Patton).

22

23

---

[4] While Scapa participated in the Graham cases, Scapa's counsel do not have those case materials readily
24  accessible to them.  Scapa requested copies of plaintiffs trial exhbits, but copies were only recently provided on or
about August 11, 2009.
25  [5] Robert Patton was not offered for deposition in the state court proceedings or while this case has been pending in
this Court.

DEFENDANT SCAPA DRYER FABRICS, INC.'S MOTIONS IN
LIMINE NOS. 1-11 – p. 19

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

(C07-1454 RSL)

2577574.1

1

2

### X.  MOTION IN LIMINE NO. 10:  TO EXCLUDE DEPOSITION TRANSCRIPTS

3

4

5

6

7

8

9

Plaintiffs proposed trial exhibits no. 6-50 and 56-59 are whole deposition transcripts from this and other cases.  Rule 26(a)(3) addresses how deposition testimony is to be submitted for use at trial and requires that a party proposing to introduce deposition testimony at trial designate portions of the deposition they seek to admit and provide those designations to opposing counsel.  Plaintiffs attempted to introduce whole deposition transcripts as evidence in the state court case, also, and Judge Lau ordered plaintiffs to properly designate by page and line the deposition testimony they intended to present at trial.  Id. at Ex. E (pp. 35-37).

10

11

12

13

The rules, orders and process for designating deposition testimony is essentially the same in both King County Superior Court and in this Court.  This Court should order that plaintiffs must properly designate by page and line any deposition testimony they intend to offer at trial and the transcripts should be stricken as trial exhibits.

14

### XI.  MOTION IN LIMINE NO. 11:  JOINDER

15

16

Scapa reserves the right to join in or oppose any or all motions in limine filed by other defendants in this action upon review and analysis of any such motions.

17

18

19

20

21

22

23

24

25

DEFENDANT SCAPA DRYER FABRICS, INC.'S MOTIONS IN
LIMINE NOS. 1-11 – p. 20

(C07-1454 RSL)

2577574.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

## CERTIFICATE OF SERVICE

2

    I hereby certify that on August 17, 2009, I electronically filed the foregoing with the

3

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4

following:

5

6

Cameron Carter                              G. William Shaw
Jane Vetto                                  Kirkpatrick & Lockhart

7

Brayton ☐ Purcell                           Preston Gates  Ellis, LLP
Columbia Square Building                    925 Fourth Ave., Suite 2900

8

111 SW Columbia Street, Suite 250           Seattle, WA  98104
Portland, OR  97201                         bill.shaw@klgates.com

9

ccarter@braytonlaw.com                      *Attorneys for AstenJohnson, Inc.*
jvetto@braytonlaw.com

10

*Attorneys for Plaintiffs*

11

12

    DATED this 17th day of August, 2009.

13

                                            s/Jan C. Kirkwood
                                            Jan C. Kirkwood, WSBA #11092

14

                                            Attorney for Defendant Scapa Dryer Fabrics,
                                            Inc.

15

                                            Williams Kastner & Gibbs PLLC
                                            601 Union Street, Suite 4100

16

                                            Seattle, WA 98101-2380
                                            (206) 628-6600

17

                                            (206) 628-6611
                                            jkirkwood@williamskastner.com

18

19

20

21

22

23

24

25

DEFENDANT SCAPA DRYER FABRICS, INC.'S MOTIONS IN          **Williams, Kastner & Gibbs PLLC**
LIMINE NOS. 1-11 – p. 21                                  601 Union Street, Suite 4100
                                                         Seattle, Washington 98101-2380
(C07-1454 RSL)                                           (206) 628-6600

2577574.1