UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY BARABIN and GERALDINE
BARABIN,

      Plaintiffs,

    v.

ASTENJOHNSON, INC. and SCAPA DRYER
FABRICS, INC.,

      Defendants.

Case No. C07-1454RSL

COURT'S INSTRUCTIONS
TO THE JURY

DATED this ___16th___ day of November, 2009.

_____
Robert S. Lasnik
United States District Judge

**07-CV-01454-CNST**

## INSTRUCTION NO. 1:  DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.  Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## INSTRUCTION NO. 2:  WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers stipulate.

**INSTRUCTION NO. 3:  WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the Court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some testimony and exhibits have been received only for limited purpose; where I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the Court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

-4-

**INSTRUCTION NO. 4:  DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. 5:  CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

# INSTRUCTION NO. 6: EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## INSTRUCTION NO. 7:  USE OF NOTES

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

**INSTRUCTION NO. 8:  BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## INSTRUCTION NO. 9: TWO OR MORE PARTIES

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

# INSTRUCTION NO. 10: LIMITING INSTRUCTION REGARDING CERTAIN EXHIBITS

Some of the exhibits admitted should only be considered against one of the defendants, Scapa Dryer Fabrics, Inc.  These exhibits are numbers 482, 494, 557, 673, 674, 675, and 697. These exhibits should not be considered during your deliberation regarding AstenJohnson, Inc.

Some of the exhibits admitted should only be considered against one of the defendants, AstenJohnson, Inc.  These exhibits are numbers 221, 222, 230, 240, 241, 245, 250, 251, 254, 255, 256, 261, 262, 264, 279, 283, 285, 307, 320, 321, 323, 324, and 354.  These exhibits should not be considered during your deliberation regarding Scapa Dryer Fabrics, Inc.

**INSTRUCTION NO. 11: CHARTS AND SUMMARIES**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**INSTRUCTION NO. 12:  CLAIMS AND DEFENSES**

The following is a summary of the claims and defenses of the parties provided to help you understand the issues in the case.  You are not to take this instruction as proof of the matters claimed.  It is for you to decide, based upon the evidence presented, whether a claim or defense has been proved.

Plaintiffs are Henry and Geraldine Barabin.  The defendants are AstenJohnson, Inc. and Scapa Dryer Fabrics, Inc.

Mr. Barabin contends that he developed mesothelioma proximately caused by exposure to and inhalation of asbestos fibers emitted from products manufactured, sold, supplied, or distributed by defendants.  He claims both economic and non-economic damages.  Mrs. Barabin seeks damages for her loss of marital consortium.

Plaintiffs allege three claims against both defendants: products liability design defect, products liability failure to warn, and negligence.  With respect to their products liability design defect claim, plaintiffs contend that defendants manufactured, sold, supplied, or distributed asbestos-containing products that were defective as designed because they were unsafe to an extent beyond that which would be contemplated by an ordinary user.  With respect to plaintiffs' products liability failure to warn claim, plaintiffs claim that the defendants' products were not reasonably safe because adequate warnings were not provided with the product.  With respect to their negligence claim, plaintiffs contend that defendants were negligent in one or more of the following ways:

(1) Manufacturing, selling, distributing or supplying products that were negligently designed because they contained asbestos;

(2) Failing to adequately test the products;

(3) Failing to inform users of safe handling methods as to these products;

(4) Failing to warn foreseeable product users and persons exposed to respirable fibers from these products of the dangers of asbestos;

1    (5) Failing to remove the products from the market;

2    (6) Failing to inform previous users of their-asbestos containing products of new

3  information about the dangers of asbestos.

4  Plaintiffs have the burden of proving their claims by a preponderance of the evidence.

5    Unless otherwise indicated, these instructions apply to all claims.  Some instructions will

6  have a heading at the top indicating whether the instruction applies to products liability or

7  negligence, or to both.

8    Defendants deny that they were negligent, deny that their dryer felts were defective or

9  unreasonably dangerous, deny that plaintiff was exposed to any asbestos fibers from dryer felts

10 manufactured by the defendants, and deny that defendants' dryer felts were a substantial factor

11 in the development of Mr. Barabin's mesothelioma.  Defendants contend that they acted

12 reasonably based upon the medical and scientific literature available at the time and that it was

13 exposure to asbestos fibers from transite and thermal insulation products that caused Mr.

14 Barabin's mesothelioma.

15    The foregoing is merely a summary of the claims and defenses of the parties.  These

16 claims and defenses have been outlined solely to aid you in understanding the issues.

17

18

19

20

21

22

23

24

25

26

1
2
3

## INSTRUCTION NO. 13: CORPORATE DEFENDANTS

4
5
6

    The defendants AstenJohnson, Inc. and Scapa Dryer Fabrics, Inc. are corporations.  A corporation can act only through its officers and employees.  Any act or omission of an officer or employee of a corporation is the act or omission of the corporation.

7
8

    All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## INSTRUCTION NO. 14: ALL CLAIMS – DEFINITIONS OF PROXIMATE CAUSE AND SUBSTANTIAL FACTOR

The term "proximate cause" means a cause that was a substantial factor in bringing about the injury even if the result would have occurred without it.

A "substantial factor" is one that is important or significant in bringing about the result, rather than being unimportant or insignificant. Each cause is considered to be a proximate cause of the injury if it is a substantial factor in bringing it about.

1

## INSTRUCTION NO. 15: ALL CLAIMS: MISUSE

2

3      A manufacturer is not liable for injury that was proximately caused by the misuse of a

4  product.

5      Misuse of a product is the use of the product in a manner either not intended or not

6  reasonably foreseeable by the manufacturer.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# INSTRUCTION NO. 16: PRODUCTS LIABILITY – MANUFACTURER'S DUTY – DESIGN DEFECT

Defendants AstenJohnson, Inc. and Scapa Dryer Fabrics, Inc. are manufacturers of dryer felts. A manufacturer has a duty to supply products that are reasonably safe for use at the time they leave the manufacturer's control.

A product is "not reasonably safe" as designed if the product is unsafe in a way or to an extent beyond that which an ordinary user would reasonably contemplate when using it in a foreseeable manner. In determining what an ordinary user would reasonably expect, you should consider the seriousness of the potential harm from the claimed defect and such other factors as the nature of the product and the claimed defect indicate are appropriate.

**INSTRUCTION NO. 17: PRODUCTS LIABILITY: DUTY TO WARN**

A manufacturer has a duty to warn of any condition which renders a product not reasonably safe for a foreseeable use. There is, however, no duty to warn of obvious or known dangers.

Where a warning is required, it must be adequate so that if followed, the product would be reasonably safe for use. The warning must be appropriate in view of the seriousness of any danger involved to reasonably advise of the consequences of improper use. Such a warning must be in a form which reasonably could be expected to catch the attention of, and to be understood by, the ordinary user.

**INSTRUCTION NO. 18: PRODUCTS LIABILITY – DESIGN DEFECT – ELEMENTS OF CLAIM**

With respect to their products liability design defect claim, the plaintiffs have the burden of proving each of the following propositions against a defendant:

(1) That the defendant manufactured or sold a product that was not reasonably safe as designed at the time it left the defendant's control;

(2) That the plaintiff was injured; and

(3) That the unsafe condition of the defendant's product was a proximate cause of plaintiff's injuries.

If you find from your consideration of all the evidence that the plaintiffs have proved each of these propositions against a defendant, your verdict should be for the plaintiffs and against that defendant as to this claim.  On the other hand, if any of these propositions has not been proved against a defendant, your verdict should be for that defendant as to this claim.

## INSTRUCTION NO. 19: PRODUCTS LIABILITY – FAILURE TO WARN – ELEMENTS OF CLAIM

With respect to their products liability failure to warn claim, the plaintiffs have the burden of proving each of the following propositions against a defendant:

(1) That the defendant manufactured or sold a product that was not reasonably safe because adequate warnings or instructions were not provided with the product;

(2) That the plaintiff was injured; and

(3) That the unsafe condition of the defendant's product was a proximate cause of plaintiff's injuries.

If you find from your consideration of all the evidence that the plaintiffs have proved each of these propositions against a defendant, your verdict should be for the plaintiffs and against that defendant as to this claim.  On the other hand, if any of these propositions has not been proved against a defendant, your verdict should be for that defendant as to this claim.

-21-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## INSTRUCTION NO. 20: NEGLIGENCE – DEFINITION

Negligence is the failure to exercise ordinary care.  It is the doing of some act that a reasonably careful person or corporation would not do under the same or similar circumstances or the failure to do some act that a reasonably careful person or corporation would have done under the same or similar circumstances.

Ordinary care means the care a reasonably careful person or corporation would exercise under the same or similar circumstances.

**INSTRUCTION NO. 21: NEGLIGENCE – DUTY OF CARE**

A manufacturer of products is under a duty to use ordinary care to test, analyze and inspect the products it sells, and is charged with knowing what such tests should have revealed. A manufacturer has a duty to use ordinary care to keep abreast of scientific knowledge, discoveries, advances and research in the field, and is presumed to know what is imparted by those sources.

When a product manufacturer becomes aware or should have become aware of dangerous aspects of its product, it has a continuing duty to warn of such dangerous aspects, even though the dangerous aspects are discovered after the product has left its possession. In such a case, the manufacturer is under a duty to act with regard to issuing warnings or instructions concerning the danger in a manner that a reasonably prudent manufacturer would act in the same or similar circumstances. This duty is satisfied if the manufacturer exercises reasonable care to inform product users.

**INSTRUCTION NO. 22: NEGLIGENCE – STATE OF THE ART**

In determining whether a defendant breached its duty of care, you may consider the state of knowledge at the time the products were marketed, including those things which were generally known to the medical and scientific community, about a particular subject and product, at a given point in time.

A manufacturer's duty to warn users about dangers in the use of its product is determined by the manufacturer's actual knowledge of such dangers or such knowledge as it reasonably should have obtained from the scientific and medical community or from its own testing.

Evidence of custom in the product seller's industry, technological feasibility or that the product was or was not in compliance with nongovernmental standards or with legislative regulatory standards or administrative regulatory standards, whether relating to design, construction or performance of the product or to warnings or instructions as to its use may be considered.

## INSTRUCTION NO. 23: NEGLIGENCE – ELEMENTS OF CLAIM

With respect to their negligence claim, plaintiffs have the burden of proving each of the following propositions:

(1)     That the defendant acted or failed to act in one of the ways claimed by plaintiffs, and that, in so acting or failing to act, the defendant was negligent;

(2)     That plaintiff was injured; and

(3)     That the negligence of the defendant was a proximate cause of plaintiff's injuries.

If you find from your consideration of all of the evidence that each of these propositions has been proved by plaintiffs, your verdict should be for the plaintiffs against that defendant as to this claim.  On the other hand, if any of these propositions has not been proved by plaintiffs against a defendant, then your verdict should be for that defendant as to this claim.

-25-

**INSTRUCTION NO. 24:  MEASURE OF DAMAGES**

It is the duty of the Court to instruct you as to the measure of damages.  By instructing you on damages the Court does not mean to suggest for which party your verdict should be rendered.

If you find for plaintiffs on any of their claims, then you must determine the amount of money that will reasonably and fairly compensate the plaintiff for such damages as you find were caused by the defendants' actions.

In determining the measure of damages, you should consider the following past economic damages elements:

(1) The reasonable value of necessary medical care, treatment, and services received to the present time; and

(2) The reasonable value of necessary household help and services (other than medical services), and other related expenses required to the present time.

In determining the measure of damages, you should consider the following future economic damages elements:

(1) The reasonable value of necessary medical care, treatment, and services which with reasonable probability will be required in the future;

(2) The reasonable value of necessary household help and services (other than medical services), and other related expenses which with reasonable probability will be required in the future; and

(3) The reasonable value of income which with reasonable probability will be lost in the future.

-26-

In addition, you should consider the following non-economic damage elements:

(1) The nature and extent of the injuries;

(2) The disability experienced and with reasonable probability to be experienced in the future;

(3) The pain and suffering, both mental and physical, the plaintiff experienced in the past and with reasonable probability, he will experience in the future;

(4) Past and future loss or impairment of the capacity to enjoy life; and

(5) Loss to Geraldine Barabin for the love, affection, care, companionship, society and consortium of her husband, Henry Barabin.

The term "consortium" means the fellowship of husband and wife and the right of one spouse to the company, cooperation and aid of the other in the matrimonial relationship.  It includes emotional support, love, affection, care, companionship, including sexual companionship, as well as assistance from one spouse to another.

The burden of proving damages rests upon the plaintiff.  It is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.  The law has not furnished us with any fixed standards by which to measure non-economic damages.  With reference to these matters, you must be governed by your own judgment, by the evidence in the case, and by these instructions.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**INSTRUCTION NO. 25: MORTALITY TABLE – LIMITATION ON USE**

According to mortality tables, the average expectancy of life of a 70-year-old man is 13.14 years. This one factor is not controlling, but should be considered in connection with all the other evidence bearing on the same question, such as that pertaining to the health, habits, and activity of the person whose life expectancy is in question.

## INSTRUCTION NO. 26:  DAMAGES ARISING IN THE FUTURE – DISCOUNT TO PRESENT CASH VALUE

Any award for future economic damages must be for the present cash value of those damages.

Noneconomic damages such as pain and suffering, disability, and disfigurement are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.

**INSTRUCTION NO. 27:  DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in Court. You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## INSTRUCTION NO. 28:  COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open Court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the Court.

**INSTRUCTION NO. 29:  RETURN OF VERDICT**

A special verdict form has been prepared for you.  The special verdict form consists of several questions for you to answer.  You must answer the questions in the order in which they are written, and according to the directions on the form.  It is important that you read all the questions before you begin answering, and that you follow the directions exactly.  Your answer to some of the questions will determine whether you are to answer all, some, or none of the remaining questions.

After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the Court that you are ready to return to the courtroom.