The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HENRY BARABIN and GERALDINE BARABIN,<br><br>            Plaintiffs,<br><br>     v.<br><br>ALBANY INTERNATIONAL CORP.; ASTENJOHNSON, INC., et al.,,<br><br>            Defendants. | No. C07-1454<br><br>AMENDED MOTION TO VACATE THE JUDGMENT PURSUANT TO FED. R. CIV. P. 60 AND REQUEST FOR A REASONABLENESS HEARING<br><br>NOTE FOR MOTION CALENDAR:<br><br>**December 25, 2009**<br><br>**ORAL ARGUMENT REQUESTED** |

## I.     RELIEF REQUESTED

Defendant AstenJohnson, Inc. ("Asten") seeks an Order that: 1) vacates the judgment to allow for application of prior settlement amounts and bankruptcy trust submissions as offsets to the jury verdict; 2) requires Plaintiffs' counsel to disclose any and all settlement agreements it has reached, and bankruptcy trust applications and responses it has filed and received, in this case; and 3) directs a reasonableness hearing on all settlements made by Plaintiffs with other defendants in this case, pursuant to RCW 4.22.060.

AMENDED MOTION TO VACATE JUDGMENT
PURSUANT TO FED. R. CIV. P. 60 AND
REQUEST FOR A REASONABLENESS
HEARING - 1
Case No. C07-1454 RSL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## II.     FACTS IN SUPPORT OF MOTION

In the proposed Pretrial Order the parties filed prior to trial, Defendants notified the Court that one of the issues to be resolved by this Court was

> [w]hether plaintiffs settlements with defendants and non-parties including but not limited to bankruptcy trusts to which plaintiff applied for benefits and such trusts to which he could have applied for benefits together with Texaco, General Electric and Ingersoll-Rand are unreasonable entitling any judgment defendant to an offset of a reasonable settlement amount under RCW 4.22.060 and other applicable law.

Dkt. No. 290.  In addition, counsel inquired about settlement credits during trial and the Court indicated that the issues were customarily handled after trial.  Tr. Trans. (11/04/2009) at 107:11-19.  On November 20, 2009, however, immediately following the jury verdict and before the Court had scheduled a hearing to determine the reasonable of Plaintiffs' other settlements and bankruptcy claims and corresponding offsets, the Clerk entered judgment in favor of Plaintiffs in the full amount of the jury verdict ($10,200,000).  Dkt. Nos. 354 & 355.

## III.    ARGUMENTS IN SUPPORT OF MOTION

**A.     State Law Requires a Reasonableness Hearing Prior to Entry of Judgment.**

Washington law requires that a reasonableness hearing be held to fix the amount of any offsets resulting from Plaintiffs' settlements with other parties, or their bankruptcy trust submissions.[1]   RCW 4.22.060 ("a hearing **shall** be held on the issue of reasonableness …

---

[1] The state requirement for a reasonableness hearing applies in this federal diversity case. *See Erie R.R. Co. v. Tompkins*, 203 U.S. 64, 78 (1938); *MacLean Townhomes, LLC v. Charter Oak Fire Ins. Co.*, 2009 WL 734693 (W.D. Wash., March 18, 2009) ("After extensive litigation and significant motion practice, the Court held a reasonableness hearing to determine the reasonableness of the stipulated judgment. On September 18, 2008, the Court concluded that Plaintiff had failed to show that the stipulated judgment amount was reasonable and reduced the amount by $606,219.06, to $1.2 million dollars."); *In re Wash. Public Power Supply Secs. Litig.*, 1988 WL 158947 (W.D. Wash. 1998) (in approving class action settlement and determining whether settlement would bar future contribution, court held a Rule 23(e) hearing, a "Nelson" hearing and a reasonableness hearing pursuant to RCW 4.22.060); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992) (affirming district court's approval of a consolidated settlement that required dismissal of a state law cause of

AMENDED MOTION TO VACATE JUDGMENT
PURSUANT TO FED. R. CIV. P. 60 AND
REQUEST FOR A REASONABLENESS
HEARING - 2
Case No. C07-1454 RSL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1 [and] **may be held at any time prior to final judgment** upon motion of a party.") (emphasis added). There is no dispute that several defendants have settled this matter with Plaintiffs. What remains in dispute, however, is the amount Plaintiffs either have received or will receive from each settled defendant. RCW 4.22.060 provides a process for this determination and states, in pertinent part:

> (1) party prior to entering into a release, covenant not to sue, covenant not to enforce judgment, or similar agreement with a claimant shall give five days' written notice of such intent to all other parties and the court. The court may for good cause authorize a shorter notice period. The notice shall contain a copy of the proposed agreement. A hearing shall be held on the issue of the reasonableness of the amount to be paid with all parties afforded an opportunity to present evidence. A determination by the court that the amount to be paid is reasonable must be secured. If an agreement was entered into prior to the filing of the action, a hearing on the issue of the reasonableness of the amount paid at the time it was entered into may be held at any time prior to final judgment upon motion of a party.
>
> The burden of proof regarding the reasonableness of the settlement offer shall be on the party requesting the settlement.

(emphasis added). Prior to entry of final judgment, therefore, Asten is entitled to know the amount and details of each settlement Plaintiffs have entered into, and bankruptcy trust applications and responses it has filed and received, in this case, and a hearing must be held to determine the reasonableness of the settlement amounts.

**B.   Judgment Should Be Vacated Pursuant to Rule 60 to Permit the Reasonableness Hearing and Appropriate Offsets.**

Asten moves pursuant Rule 60 to vacate the judgment to allow for the required reasonableness hearing and to determine appropriate offsets to the final judgment.

Rule 60(a) allows a district court "to correct a clerical mistake or a mistake arising

---

action, recognizing that RCW 4.22.060 would work to offset any ultimate recovery by the plaintiffs against the non-settling state defendants had they gone to trial on the state law claims).

AMENDED MOTION TO VACATE JUDGMENT
PURSUANT TO FED. R. CIV. P. 60 AND
REQUEST FOR A REASONABLENESS
HEARING - 3
Case No. C07-1454 RSL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). The court may use the Rule "to make an order reflect the actual intentions of the court, plus necessary implications." *Jones & Guerrero Co., Inc. v. Sealift Pac.,* 650 F.2d 1072, 1074 (9th Cir. 1981). Here, the record reflects it was the intent of the parties and the Court to account for Plaintiffs' other settlements and bankruptcy claims before judgment was entered. To give effect to this intent, the court should vacate the judgment pursuant to Rule 60(a) to allow for this to occur.

Asten also moves to vacate the judgment pursuant to Rule 60(b), which allows a district court to "relieve a party … from a final judgment" on certain enumerated bases. Asten moves on the bases provided in Rule 60(b)(1) and (6).

Rule 60(b)(1) provides for relief from judgment where "the district court committed a specific error." *Straw v. Bowen,* 866 F.2d 1167, 1172 (9th Cir. 1989); *see also Fid. Fed. Bank v. Durga Ma Corp.,* 387 F.3d 1021, 1024 (9th Cir. 2004) (pursuant to Rule 60(b)(1), a "district court has discretion to correct a judgment for mistake or inadvertence, either on the part of counsel or the court itself"). Here, the court erred by entering judgment before conducting the reasonableness hearing and determining settlement offsets as required by state law.

Rule 60(b)(6) allows the court to provide relief from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This catch-all provision therefore establishes an "equitable remedy to prevent manifest injustice." *Delay v. Gordon,* 475 F.3d 1039, 1044 (9th Cir. 2007) (citations omitted); *see also Phelps v. Alameida,* 569 F.3d 1120, 1135 (9th Cir. 2009) ("Rule 60(b)(6) is a grand reservoir of equitable power.") (citation omitted). Here, allowing the judgment to stand will work a manifest injustice by denying Asten its right to offset the judgment with amounts the Plaintiffs have already received in settlement from other defendants and bankruptcy claims.[2]

---

[2] Asten's motion is also appropriately granted pursuant to Rule 59(e). Rule 59(e) gives

AMENDED MOTION TO VACATE JUDGMENT
PURSUANT TO FED. R. CIV. P. 60 AND
REQUEST FOR A REASONABLENESS
HEARING - 4
Case No. C07-1454 RSL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

The judgment entered in this case does not reflect the amount actually owed by Defendants after the required offsets. The judgment should therefore be vacated to allow these offsets to be determined and applied before final judgment is entered.

**C.  A Reasonableness Hearing Should be Scheduled in This Case, and Plaintiffs Should Provide Advance Disclosure of All Settlements and Bankruptcy Claims.**

Consistent with the state statutory requirement, Asten requests that a reasonableness hearing be set in this matter. To facilitate this hearing, Asten also requests that Plaintiffs be required to provide to the parties and the Court the materials contemplated by the statute; namely: 1) the amount each settling defendant has paid or will pay to Plaintiffs; and, 2) copies of the "proposed agreement[s]." RCW 4.22.060(1). Asten requests that Plaintiffs be required to provide this information **at least 7 days prior to the scheduled hearing**, to allow both the parties and the Court sufficient time to review, determine whether the amounts are "reasonable" and adequately prepare for the hearing.

---

district courts the power to "alter or amend" a judgment, which includes the power to vacate or set aside the judgment. *Ortiz v. Gaston County Dyeing Mach. Co.,* 277 F.3d 594, 597 n.1 (1st Cir. 2002); *see also Hamid v. Price Waterhouse,* 51 F.3d 1411, 1415 (9th Cir. 1995) (a motion to vacate an order or judgment is treated as a Rule 59(e) motion). A Rule 59(e) motion may be granted on four grounds: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered evidence;" 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.,* 338 F.3d 1058, 1063 (9th Cir. 2003) (citation and emphasis omitted). Here, two grounds would support granting Asten's request pursuant to Rule 59(e): the judgment is based on a clear error of law (i.e., the failure to hold a reasonableness hearing and offset the judgment with settlement amounts Plaintiffs have received from other defendants) and failure to vacate the judgment to allow for this state-required process would constitute a "manifest injustice" for Asten.

AMENDED MOTION TO VACATE JUDGMENT
PURSUANT TO FED. R. CIV. P. 60 AND
REQUEST FOR A REASONABLENESS
HEARING - 5
Case No. C07-1454 RSL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

D.     **Adoption of Scapa Dryer Fabrics, Inc.'s Motion to Vacate and For Other Relief.**

Asten adopts and incorporates, by reference, as if fully set forth herein, Scapa Dryer Fabric, Inc.'s Motion to Vacate Judgment and for Other Relief (Dkt. No. 357).

## IV.     CONCLUSION

For the reasons stated above, Asten respectfully requests that the Court enter the attached proposed Order vacating the judgment, scheduling a reasonableness hearing on the settlements entered into between Plaintiffs and other defendants in this case, and bankruptcy trust applications and responses it has filed and received, and directing Plaintiffs to disclose its settlement agreements with settling defendants, including the amount of each settlement, at least 7 days prior to the scheduled hearing.

DATED this 7th day of December, 2009.

By /s/ G. William Shaw
G. William Shaw, WSBA # 8573
Martha Rodriguez-Lopez, WSBA # 35466
Michelle Jensen, WSBA # 36611
K&L Gates LLP
925 4th Avenue, Suite 2900
Seattle, Washington 98104
Phone: (206) 623-7580
Fax: (206) 623-7022
Email: bill.shaw@klgates.com
Attorneys for Defendant
AstenJohnson, Inc.

AMENDED MOTION TO VACATE JUDGMENT
PURSUANT TO FED. R. CIV. P. 60 AND
REQUEST FOR A REASONABLENESS
HEARING - 6
Case No. C07-1454 RSL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**D.     Adoption of Scapa Dryer Fabrics, Inc.'s Motion to Vacate and For Other Relief.**

Asten adopts and incorporates, by reference, as if fully set forth herein, Scapa Dryer Fabric, Inc.'s Motion to Vacate Judgment and for Other Relief (Dkt. No. 357).

## IV.     CONCLUSION

For the reasons stated above, Asten respectfully requests that the Court enter the attached proposed Order vacating the judgment, scheduling a reasonableness hearing on the settlements entered into between Plaintiffs and other defendants in this case, and bankruptcy trust applications and responses it has filed and received, and directing Plaintiffs to disclose its settlement agreements with settling defendants, including the amount of each settlement, at least 7 days prior to the scheduled hearing.

DATED this 7th day of December, 2009.

By /s/ G. William Shaw
G. William Shaw, WSBA # 8573
Martha Rodriguez-Lopez, WSBA # 35466
Michelle Jensen, WSBA # 36611
K&L Gates LLP
925 4th Avenue, Suite 2900
Seattle, Washington 98104
Phone: (206) 623-7580
Fax: (206) 623-7022
Email: bill.shaw@klgates.com
Attorneys for Defendant
AstenJohnson, Inc.

AMENDED MOTION TO VACATE JUDGMENT
PURSUANT TO FED. R. CIV. P. 60 AND
REQUEST FOR A REASONABLENESS
HEARING - 6
Case No. C07-1454 RSL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

> By /s/ G. William Shaw
> G. William Shaw, WSBA # 8573
> Martha Rodriguez-Lopez, WSBA # 35466
> Michelle Jensen, WSBA # 36611
> K&L Gates LLP
> 925 4th Avenue, Suite 2900
> Seattle, Washington  98104
> Phone:  (206) 623-7580
> Fax:  (206) 623-7022
> Email:  bill.shaw@klgates.com
> Attorneys for Defendant
> AstenJohnson, Inc.

AMENDED MOTION TO VACATE JUDGMENT
PURSUANT TO FED. R. CIV. P. 60 AND
REQUEST FOR A REASONABLENESS
HEARING - 7
Case No. C07-1454 RSL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022