UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY & GERALDINE BARABIN,

Plaintiffs,

v.

ASTENJOHNSON, INC., *et al.*,

Defendants.

Case No. C07-1454RSL

ORDER GRANTING DEFENDANTS' MOTIONS TO VACATE THE JUDGMENT AND SCHEDULING A REASONABLENESS HEARING

This matter comes before the Court on two motions to vacate the judgment, one filed by each defendant. Defendants argue that the judgment was entered in error because it failed to deduct amounts plaintiffs received from settlements with third parties.[1]

After the jury returned its verdict, the Court entered judgment on November 20, 2009. Based on the jury's verdict, the judgment states, "The jury finds in favor of plaintiffs in the amount of $700,000 for Henry Barabin's economic damages, $8,000,000 for Henry Barabin's non-economic damages and $1,500,000.00 for Geraldine Barabin's

---

[1] Defendants' request for oral argument is denied because the motions can be decided on the parties' memoranda and supporting documents, and because the Court will hear oral argument during the reasonableness hearing.

ORDER GRANTING DEFENDANTS' MOTIONS TO VACATE THE
JUDGMENT AND SCHEDULING A REASONABLENESS HEARING - 1

loss of consortium." (Dkt. #355). The judgment did not deduct any amounts plaintiffs previously received from settlements. RCW 4.22.060(2) provides that if a party settles with another party, "the claim of the releasing person against other persons is reduced by the amount paid pursuant to the agreement unless the amount paid was unreasonable at the time of the agreement in which case the claim shall be reduced by an amount determined by the court to be reasonable." Based on the statute, defendants argue, and plaintiffs concede, that the judgment against defendants must be reduced by the reasonable amount of settlement monies plaintiffs received.

In light of that concession and the statutory language, it is clear that the judgment contains an error. Accordingly, the Court will set aside the judgment pursuant to Federal Rules of Civil Procedure 60(a) and 60(b)(1), which permit a court to set aside a judgment based on a mistake. Nevertheless, two issues remain. First, defendants contend that the Court must immediately vacate the judgment. Plaintiffs counter that the Court should vacate the current judgment only when it enters a corrected judgment. The Court is not prepared to enter a corrected judgment immediately because, as the parties agree, the Court must hold a hearing to evaluate the amounts plaintiffs have received in other settlements for reasonableness. RCW 4.22.060(1). Plaintiffs argue that due to Henry Barabin's declining health, a judgment should remain in place until a corrected judgment is entered "to provide assurance that post-trial matters will take no longer than is necessary to ascertain the final judgment amount." Response at p. 3. The Court is sympathetic to plaintiffs' desire for a final judgment under the circumstances. However, plaintiffs are not entitled to a judgment that all parties agree is inaccurate. Moreover, the Court will ensure that consideration of post-trial matters does not drag on longer than is necessary. Accordingly, the Court will vacate the incorrect judgment.

ORDER GRANTING DEFENDANTS' MOTIONS TO VACATE THE
JUDGMENT AND SCHEDULING A REASONABLENESS HEARING - 2

Second, defendants have sought information about asbestos personal injury trusts to which defendants claim plaintiffs could have applied but did not.[2]  Based on their quest for that information, it appears that defendants will seek an offset for amounts that plaintiffs could have, but have not, obtained.  Defendants are not entitled to offsets for hypothetical recoveries from third parties to which plaintiffs may be (or may once have been) entitled.  The Washington Court of Appeals recently held that RCW 4.22.060 "does not allow the court to offset a judgment by settlements not before it."  Coulter v. Asten Group, Inc., No. 63148-9-I, 2010 WL 60181, at *1 (Wash. Ct. App. Jan. 11, 2010).[3]  In that case, the trial court offset a judgment against Asten Group, Inc.[4] based on plaintiffs' "probable recovery from future trust applications."  Id.  The Court of Appeals rejected this result, explaining, "The statute excludes any consideration of claims that have not yet been settled or that have not been submitted for approval."  Id. at *3.  Therefore, in this case, defendants are not entitled to offsets for claims that have not settled or been submitted for approval.

For all of the foregoing reasons, the Court GRANTS the motions to vacate the

---

[2] Although it is unclear with whom plaintiffs have settled, it is worth noting that defendants are entitled to offsets for settlements entered into with both former defendants in this case and with third parties.  The Washington State Supreme Court, applying RCW 4.22.060, credited defendants in an asbestos case for settlement monies that plaintiffs received from a non-party.  See Brewer v. Fibreboard Corp., 127 Wn.2d 512, 526, 532 (1995) (although the Manville Personal Injury Settlement Trust, with which plaintiffs had settled, was not a party to the suit, judgment against defendants was offset by the amount plaintiffs received from the Manville Trust).

[3] The court's opinion in Coulter was originally designated as "unpublished."  However, on March 23, 2010, the court granted a motion to publish the opinion.

[4] Asten Group, Inc. is the same party as AstenJohnson, Inc., currently before this Court.  See Coulter, 2010 WL 60181 at *1 n.1.

ORDER GRANTING DEFENDANTS' MOTIONS TO VACATE THE
JUDGMENT AND SCHEDULING A REASONABLENESS HEARING - 3

judgment (Dkt. #357, #372). The Court's previously entered judgment (Dkt. #355) is hereby vacated.

The Court will hold a reasonableness hearing on May 21, 2010; the parties are already scheduled to appear before the Court on that day for oral argument on other outstanding motions. Within twenty days of the date of this order, plaintiffs must produce to defendants and file with this Court a supplemental response to the motions to vacate that includes the following information to aid in the reasonableness proceeding: (1) information regarding with whom plaintiffs have settled related claims or with whom plaintiffs have pending settlements,[5] including any trust settlements and claims submitted for approval, (2) the amount of any such settlement(s) and claim(s), (3) the date and amount of any proceeds received, (4) copies of any related settlement agreements or proposed agreements, which may be filed under seal if their contents are confidential, and (5) information regarding any monies plaintiffs have received from bankruptcy claims or trusts.

DATED this 14th day of April, 2010.

*MWS Lasnik*
Robert S. Lasnik
United States District Judge

---

[5] Although defendants are not entitled to an offset for unconsummated settlements, they are entitled to learn about any pending settlements to ascertain their status.

ORDER GRANTING DEFENDANTS' MOTIONS TO VACATE THE JUDGMENT AND SCHEDULING A REASONABLENESS HEARING - 4