UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HENRY BARABIN and GERALDINE BARABIN,<br><br>                    Plaintiffs,<br><br>  v.<br><br>ASTENJOHNSON INC., *et al.*,<br><br>                    Defendants. | No. C07-1454RSL<br><br>ORDER DENYING DEFENDANT SCAPA DRYER FABRICS'S MOTION TO APPROVE SUPERSEDEAS BOND |

      This matter comes before the Court on "Defendant Scapa Dryer Fabrics's Motion to Approve Supersedeas Bond." Dkt. #588. Defendant Scapa requests the Court to approve a bond in the amount of $4,744,495.11 to supersede and stay execution of the Court's judgment against defendant Scapa during the pendency of the appeal. Id. The Court awarded judgment against defendants jointly and severally in the amount of $9,373,152.12. Defendant Asten Johnson Inc. posted a bond in the amount of $9,488,990.21. Defendant Scapa argues that allowing it to post a bond for one-half the judgment is proper. The Court disagrees.

      An appellant may obtain a stay of proceedings to enforce a judgment by supersedeas bond if an appeal is taken. Fed. R. Civ. P. 62(d). "The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." Poplar Grove

ORDER DENYING DEFENDANT SCAPA DRYER
FABRICS'S MOTION TO APPROVE
SUPERSEDEAS BOND

Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190-91 (5th Cir. 1979). Although the Court has discretion in determining the amount of supersedeas, the bond should normally include the whole amount of the judgment, costs on the appeal, interest, and damages for delay. Id. at 1191. In the Court's December 6, 2010 Order denying defendants' motion to apportion the supersedeas bond, the Court noted that to deviate from the standard supersedeas amount, defendants will need to demonstrate that plaintiffs' interests are adequately protected. Dkt. #549 (citing Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n, 636 F.2d 755, 760-61 (D.C. Cir. 1980) (where judgment debtor's documented net worth was about 47 times the amount of judgment and there was no indication judgment debtor had any intent to leave, the court's decision to waive bond requirement was appropriate)). Defendant Scapa has not done so here.

For all the foregoing reasons, defendant Scapa's motion is DENIED.

Dated this 27th day of May, 2011.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT SCAPA DRYER
FABRICS'S MOTION TO APPROVE
SUPERSEDEAS BOND                    -2-