UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GERALDINE BARABIN, as Personal Representative for the Estate of HENRY BARABIN, deceased,<br><br>Plaintiff,<br><br>v.<br><br>ASTENJOHNSON, INC., et al.,<br><br>Defendants. | CASE NO. C07-1454JLR<br><br>ORDER DENYING MOTION FOR EXTENSION OF DISCOVERY CUTOFF |

## I. INTRODUCTION

Before the court is Plaintiff Geraldine Barabin's motion to extend the discovery cutoff date. (Mot. (Dkt. # 645).) Defendants Scapa Dryer Fabrics, Inc. ("Scapa") and AstenJohnson Inc. ("AstenJohnson") opposes this extension. (Scapa Resp. (Dkt. # 646); AstenJohnson Resp. (Dkt. # 647).) Having considered all submissions, the balance of the record, and the applicable law, the court DENIES the motion.

//

## II. BACKGROUND

On March 29, 2017, the court set a case schedule for this retrial, with the discovery cutoff for November 26, 2017, the dispositive motions deadline on December 22, 2017, and trial commencing on March 26, 2018. (3/29/17 Order (Dkt. # 643).) On September 15, 2017, Ms. Barabin disclosed to Defendant AstenJohnson and Scapa (collectively, "Defendants") the witnesses she intended to call at the retrial, including an expert witness, Dr. Carl Brodkin, whom she had called to testify in the original trial. (Mot. at 2; Good Decl. (Dkt. # 645-1) ¶¶ 3-4.) Defendants indicated on September 20, 2017, that they would like to depose all expert witnesses offered by Ms. Barabin. (Mot. at 2; Good Decl. ¶ 11.) On September 26, 2017, Ms. Barabin contacted Dr. Brodkin to schedule a deposition but learned that Dr. Brodkin was unavailable until December 19, 2017. (Mot. at 2; Good Decl. ¶ 16.) Because this date falls after the discovery deadline of November 26, 2017, Ms. Barabin filed the instant motion for extension of the discovery deadline. (*See generally* Mot.)

## III. ANALYSIS

Ms. Barabin argues that an extension is warranted because Dr. Brodkin's preexisting commitments and unavailability constitute the good cause required by Federal Rule of Civil Procedure 16(b)(4) to modify the case schedule.[1] (Mot. at 3); *see* Fed. R. Civ. P. 16(b)(4). Scapa and AstenJohnson respond that Ms. Barabin has not shown that

---

[1] Upon reply, Ms. Barabin raises Federal Rule of Civil Procedure 60(b)(1). (Reply (Dkt. # 648) at 3-5.) This rule was not raised in Ms. Barabin's motion (*see* Mot.), and thus, the court will not consider this new argument raised only in reply, *see Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

Dr. Brodkin's unavailability was unforeseeable, nor has Ms. Barabin shown that she was diligent in ascertaining Dr. Brodkin's availability. (Resp. at 2.)

A case schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). Rule 16's "good cause" standard primarily considers the diligence of the party seeking the extension, and a case schedule will only be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee notes (1983 amendment). The focus of this inquiry is on the moving party's reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If that party was not diligent, the inquiry should end." *Id.* "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.*

Here, Ms. Barabin has not shown diligence. In the first trial, Dr. Brodkin was both deposed by Defendants and called as a witness; indeed, Ms. Barabin concedes that she understood Dr. Brodkin to be "imperative" for the retrial. (Mot. at 2.) Ms. Barabin thus knew, for the last few years since the case was remanded for retrial, that Dr. Brodkin would need to be made available. Moreover, she knew for the last six months that the discovery deadline would be in November of this year. (*See* 3/29/17 Order.) And yet, Ms. Barabin did not ascertain Dr. Brodkin's availability until the end of September. (*See* Good Decl. ¶¶ 15-16.) Dr. Brodkin's unavailability now does not render Ms. Barabin's efforts—or lack thereof for the many preceding months—diligent. Because Ms. Barabin was not diligent in adhering to the trial schedule, the court denies her request for an extension of the discovery deadline. *See Johnson*, 975 F.2d at 609.

Although the court need not consider the existence or degree of prejudice to Defendants, *see id.*, the court observes that pushing the discovery deadline to December 20, 2017, as requested by Ms. Barabin would run into the dispositive motions deadline on December 22, 2017. As Defendants state, drafting a *Daubert* motion to address Dr. Brodkin's testimony, or incorporating Dr. Brodkin's testimony in a motion for summary judgment, would be "impossible" in just two or three days. (Resp. at 2.)

Because Ms. Barabin has not established the required showing of diligence, and because an extension of the discovery deadline would affect the remainder of the trial schedule, the court denies Ms. Barabin's motion for an extension.[2]

### IV. CONCLUSION

The court DENIES Ms. Barabin's motion for an extension of the discovery cutoff date (Dkt. # 645).

Dated this 20th day of October, 2017.

JAMES L. ROBART
United States District Judge

---

[2] The court's denial of Ms. Barabin's motion for an extension is not in any way a determination of whether Dr. Brodkin's testimony would be excluded from the retrial.