The Honorable James L. Robart

1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GERALDINE BARABIN, as Personal
Representative for the Estate of HENRY
BARABIN, deceased,

        Plaintiff,

    v.

ASTENJOHNSON, et al.,

        Defendants.

NO. 2:07-cv-01454-JLR

~~PROPOSED~~ PRETRIAL ORDER

15   Pursuant to LCR 16(i), Defendant Scapa Dryer Fabrics, Inc. and Plaintiff jointly

16   offer the following Proposed Pre-Trial Order.

### I. JURISDICTION

18   Jurisdiction is vested in this court by virtue of 28 USC §1332(a) as the matter in

19   controversy exceeds $75,000 and is between citizens of different States.

### II. CLAIMS AND DEFENSES

21   The plaintiff will pursue at trial the following claims:

22   1.   Product Liability pursuant to Restatement of Torts (Second) §402A (1965);

23   2.   Negligence; and

24   3.   Damages

25

~~PROPOSED~~ PRETRIAL ORDER - 1
(2:07-cv-01454-JLR)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6378673.5
6378673.5

a.  Non-economic damages;

b.  Medical and related expenses;

c.  Loss of earnings, wages and future earnings; and

d.  Loss of consortium for plaintiff Geraldine Barabin.

The defendant will pursue the following affirmative defenses and/or claims:

1.  Scapa specifically denies that it mined, milled, processed, manufactured, supplied, distributed, marketed or sold any products containing asbestos that are causally related to Plaintiff's alleged injuries;

2.  Whatever damages Plaintiff may have suffered, if any, were solely and proximately caused by the negligence or other conduct of one or more of the other defendants above-named, or, in the alternative, by the negligence or other conduct of some person, corporation, association, or legal entity not presently a party to this lawsuit;

3.  The Plaintiff's complaint fails to state a claim against Scapa upon which relief may be granted;

4.  Whatever damages Plaintiff may have suffered, if any, were directly and proximately caused by the actions of fellow co-workers of Mr. Barabin;

5.  Whatever damages Plaintiff may have suffered, if any, were due solely or in part to the failure of Mr. Barabin's employer or employers to take adequate precautions and provide him with a safe place to work;

6.  Scapa expressly denies that Mr. Barabin inhaled injurious quantities of asbestos fibers from products for which Scapa is liable. Any products for which Scapa might be held legally accountable and which Mr. Barabin allegedly used or was exposed to, if any, were not in the same condition as when sold, having been materially altered after the sale and prior to the use or exposure as alleged;

PROPOSED PRETRIAL ORDER - 2
(2:07-cv-01454-JLR)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6378673.5
6378673.5

1        7.   That if it is proven at the time of trial that the products of Scapa were

2    manufactured, furnished, supplied and/or sold as alleged in Plaintiff's complaint, and if said

3    products were used in the fashion alleged, all of which is specifically denied except as

4    otherwise set forth above, then any such product manufactured, supplied, furnished and/or sold

5    by Scapa was so manufactured, furnished, supplied and/or sold in strict conformity with the

6    prevailing state of medical art and the prevailing standards of the industry;  Scapa's conduct,

7    and any such product for which it bears responsibility, was at all times in strict conformity with

8    the prevailing standard of medical science and the prevailing standards of the industry.  The

9    state of medical, scientific and industrial knowledge, art and practice was at all material times

10   such that Scapa neither breached any duty owed to Mr. Barabin, nor knew or could have

11   known, that the products for which it bears responsibility presented a foreseeable risk of harm

12   to Mr. Barabin in connection with asbestos exposure from the normal and expected use of such

13   products;

14       8.   The liability of Scapa, if any, was secondary, passive and subordinate to the

15   primary, active and intervening causation of the negligent acts and/or omissions of other

16   entities and/or non-parties, for which Scapa is not liable;

17       9.   Plaintiff has failed to join indispensable or necessary parties, including but not

18   limited to:  Amatex Corp., Aanco Holdings Inc., AC and S, Inc., American Shipbuilding, A.P.

19   Green Services, Armstrong World Industries, The Artra Group including The Synkoloid

20   Company, Asbestec Industries Inc., Asbestospray Corp., Asbestos Claims Management, Atlas

21   Corp., Babcock & Wilcox, Baldwin Ehret Hill, Beadex Manufacturing Company Inc.,

22   Bethlehem Steel, Brunswick Fabrications, Inc., Burns & Roe Enterprises, Carey Canada Inc.,

23   The Celotex Corp., Cassiar Mines, Combustion Engineering, Delaware Insulations, Philip

24   Carey Co., Eagle-Picher Industries, Eastco Industrial Safety Corp., E. J. Bartells, Federal-

25

PROPOSED PRETRIAL ORDER - 3
(2:07-cv-01454-JLR)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6378673.5
6378673.5

1   Mogul, Forty-Eight Insulations, Fuller-Austin Insulation, G-I Holdings (GAF), Gatke Corp.,

2   Hamilton Materials Inc., Harbison-Walker, Hillsborough Holdings, H.K. Porter Co., Johns

3   Manville, Kaiser Aluminum & Chemical, Keene Corp., Kentile Floors, Lykes Brothers

4   Steamship, M.H. Detrick, National Gypsum Co., Nicolet/Keasby-Mattison, North American

5   Refractories Company, North American Asbestos Corp., Owens Corning, Pacor, Plibrico Co.,

6   Pittsburgh Corning, Porter Hayden, Prudential Lines, Raybestos-Manhattan, Raymark

7   Industries, Raytech Industries Corp., Rock Wool Manufacturing, Rutland Fire & Clay Co.,

8   Skinner Engine Company, SGL Carbon, Shook & Fletcher, Standard Asbestos Manufacturing

9   and Insulation, Standard Insulations, Todd Shipyards, Unarco Industries Inc., United States

10  Gypsum Corp., United States Mineral Co., United States Lines, UNR Industries Corp., U.S.

11  Steel, Walter Industries, Washington Group International, and W.R. Grace & Co., and the

12  companies who manufactured and/or supplied the cigarettes and other tobacco products used

13  by or around Mr. Barabin;

14          10. Mr. Barabin was employed by knowledgeable and sophisticated employers and

15  any duty Scapa may have had to warn him/her of any potential harm incident to the normal use

16  of products for which Scapa bears responsibility, which duty is denied, was discharged by

17  his/her employer's intervening duty to give him/her any required warnings;

18          11. If at the time of trial Scapa is held accountable for any asbestos-containing

19  products, Mr. Barabin's exposure to asbestos attributable to Scapa, if any, was of a de minimis

20  nature and could not within a reasonable degree of medical certainty be the legal and proximate

21  cause of Plaintiff's alleged injuries.

22                          III.  ADMITTED FACTS

23          The following facts are admitted by the parties:

24

25

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6378673.5
6378673.5

1    1.  Decedent Henry Barabin worked as a laborer at the Texaco Refinery in Port

2    Arthur, Texas from 1965 to 1968.

3    2.  The pipes and equipment throughout the Texaco Refinery had asbestos-

4    containing pipe, block, and Limpet spray insulation.

5    3.  Decedent Henry Barabin cleaned up debris from asbestos-containing pipe,

6    block, and Limpet spray insulation during his employment at the Texaco Refinery.

7    4.  Decedent Henry Barabin worked in the Crown-Zellerbach Camas Mill from

8    April 17, 1968 through November 30, 2001.

9    5.  Decedent Henry Barabin worked as a papermaker at the Camas Mill.

10   6.  During his employment at the Camas Mill, Mr. Barabin worked on and around

11   all of the paper-making machines at the Camas Mill.

12   7.  Mr. Barabin's work at the Camas Mill included changing dryer felts during shut

13   downs and also as part of routine maintenance when felts ripped or broke.

14   8.  Mr. Barabin cut the felts and installed new ones. He took scraps of the old felts

15   home. He blew out the paper machines using compressed air. He cleaned up with compressed

16   air after each shift and after paper breaks. He also worked around other laborers during this

17   time period when they performed these same tasks.

18   9.  The pipes and equipment throughout the Camas Mill had asbestos-containing

19   pipe insulation, asbestos-containing block insulation, Limpet spray, asbestos-containing

20   cement/mud, asbestos-containing board insulation, and internal asbestos-containing gaskets

21   and packing.

22   10. Decedent Henry Barabin walked by or was a bystander when asbestos-

23   containing pipe, block, Limpet spray, and board insulation and asbestos-containing

24   cement/mud and internal gaskets and packing were being disturbed when these materials were

25

PROPOSED PRETRIAL ORDER - 5
(2:07-cv-01454-JLR)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6378673.5
6378673.5

1   being disturbed, including but not limited to walking past asbestos-insulated digesters, opening

2   and closing valves, and observing millwrights, boilermakers, electricians, and insulators

3   working in his vicinity removing, installing, and disturbing these products. Limpet spray

4   insulation was present in the Texaco Refinery in Port Arthur, Texas when Plaintiff Henry

5   Barabin worked there.

6         11. Decedent Henry Barabin had direct exposure to asbestos-containing pipe, block,

7   Limpet spray, and board insulation and asbestos-containing cement/mud and internal gaskets

8   and packing when he used compressed air to clean up.

9         12. Limpet was made of asbestos fibers, Portland cement, and oil. Formulas used

10   either 100% crocidolite, amosite, or chrysotile, or a blend of amosite and crocidolite. It was

11   typically used for fireproofing, or high temperature insulation. It was applied using a nozzle to

12   spray the product on the item to be insulated.

13         13. From 1981 to 1996, over 1,000,000 (ONE MILLION) linear feet of insulation

14   containing between 2% and 90% crocidolite, amosite, and/or chrysotile asbestos was abated

15   from the Camas Mill. This insulation contained 2-90% crocidolite, amosite and/or chrysotile

16   asbestos.

17         14. From 1981 to 1996, over 350,000 (THREE HUNDRED FIFTY THOUSAND)

18   square feet of asbestos-containing transite was abated from the Camas Mill.

19         15. From 1959 to 1978, Scapa manufactured and distributed both asbestos and non-

20   asbestos containing dryer felts.

21         16. From 1964 to 1982, Scapa supplied 505 dryer felts, 276 non-asbestos containing

22   felts and 229 asbestos-containing felts, to the Camas Mill. Albany, AstenJohnson, Atlanta, and

23   Niagara brand dryer felts were also utilized during Decedent Henry Barabin's employment at

24   the Camas Mill.

25

PROPOSED PRETRIAL ORDER - 6
(2:07-cv-01454-JLR)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6378673.5
6378673.5

1    17. Mr. Barabin was diagnosed with malignant pleural mesothelioma on

2  November 1, 2006.  Mr. Barabin died on March 30, 2012 from mesothelioma.

3                          IV.    FACTUAL CONTENTIONS

4        The Plaintiff contends as follows:

5        1.  Asbestos-containing dryer felts made by defendant Scapa Dryer Fabrics, Inc.

6  were an integral component of the paper machines Mr. Barabin worked on.

7        2.  Decedent Henry Barabin recalls Scapa dryer felts as felts that were used at the

8  Camas Mill.

9        Scapa contends as follows:

10        1.  Paper machine hoods at the Camas Paper Mill contained crocidolite during Mr.

11  Barabin's employment.

12        2.  In 1987, the employee locker room at Camas Paper Mill was contaminated with

13  asbestos during an asbestos removal.

14        3.  Decedent Henry Barabin did not recall working with any asbestos-containing

15  Scapa dryer felts.

16        4.  Mr. Barabin's mesothelioma was not caused by exposure to Scapa dryer felts.

17        5.  Scapa's dryer felts were reasonably safe in their manufacture and design

18  including warnings.

19        6.  Scapa exercised ordinary care in manufacturing its dryer felts.

20        7.  Mr. Barabin's mesothelioma was caused by exposure to amphibole asbestos

21  (amosite and crocidolite) containing products, including but not limited to amphibole asbestos-

22  containing thermal insulation, during the years he was employed at the Texaco Refinery in Port

23  Arthur, Texas and at the Camas Paper Mill.

24

25

PROPOSED PRETRIAL ORDER - 7
(2:07-cv-01454-JLR)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6378673.5
6378673.5

1

## V. ISSUES OF LAW

2        Plaintiff submits the following as issues of law to be determined by the court:

3              1.   Whether defendant Scapa Dryer Fabrics, Inc. is liable under Washington

4   product liability law for manufacturing, selling and distributing an unreasonably dangerous

5   product without warnings to which Decedent was exposed, causing Decedent's mesothelioma,

6   an incurable and terminal disease?

7              2.   Whether defendant Scapa Dryer Fabrics, Inc. failed to exercise ordinary care,

8   failed to provide any warnings and is negligent under Washington negligence law for

9   manufacturing, selling and distributing an unreasonably dangerous product to which Decedent

10  was exposed, causing Decedent's mesothelioma, an incurable and terminal disease?

11       Scapa submits the following as issues of law to be determined by the court:

12             1.   Whether Plaintiff can meet the burden of proof with regard her claims against

13  Scapa under the laws of the State of Washington.

14             2.   Whether Plaintiff's settlements are unreasonable entitling any judgment

15  defendant to an offset of a reasonable settlement amount under RCW 4.22.060 and other

16  applicable law.

17

## VI. EXPERT WITNESSES

18       (a)    Each party shall be limited to ___1___ expert witness(es) on ~~the issues of~~

19  _any specific topic_____.   Defendant Scapa contends, and Plaintiff disputes, that

20  Plaintiff's expert Steven Compton's testimony and opinions are cumulative of those of expert

21  Christopher DePasquale and should be prohibited from testifying on that basis.

22       (b)    The name(s) and addresses of the expert witness(es) to be used by each party at

23  trial and the issue upon which each will testify is:

24             1.   On behalf of plaintiff:

25

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6378673.5
6378673.5

| | |
|---|---|
| Barry Ben-Zion, Ph.D.<br>3588 Kelsey Knolls<br>Santa Rosa, California 95403<br><br>WILL TESTIFY | Dr. Ben-Zion is a forensic economist. Dr. Ben-Zion will be sufficiently familiar with the case to provide a meaningful oral deposition. Dr. Ben-Zion may testify regarding the economic value of losses in the case: Dr. Ben-Zion may also testify as to the loss of wages, pensions and other economic losses. Dr. Ben-Zion will also testify generally regarding the concept of present value and its application to economic losses, particularly wage loss, pension loss and future medical costs. Dr. Ben-Zion may also testify about the financial statements of various defendants and their financial condition and net worth. Dr. Ben-Zion may also testify regarding participation in and/or market share of various asbestos manufacturers as well as all related market share facts for which plaintiffs bear that burden of proof under applicable case law. |
| Arnold R. Brody,<br>Ph.D. 1910 Glenmartin<br>Drive Raleigh, NC<br>27615<br><br>**WILL TESTIFY** | Dr. Brody is a cellular biologist. Dr. Brody may testify as to the anatomy and associated asbestos-induced pathology of human and animal lungs, the causation and pathogenesis of asbestos-related disease and the deposition patterns of inhaled fibers and how this relates to asbestos exposures encountered in buildings and/or the work place. He will also testify regarding asbestos' effects on immune systems. Dr. Brody will further testify in accordance with his report in this case. |
| Dr. Carl Andrew Brodkin, M.D., M.P.H<br>3607 47th Avenue, N.E.<br>Seattle, WA 98105<br><br>WILL TESTIFY | Dr. Brodkin is a specialist in pulmonary medicine and asbestos-related disease. Dr. Brodkin may testify as to his opinions and conclusions regarding asbestos disease and all related foundational aspects. Dr. Brodkin may also testify as to his opinions and conclusions regarding asbestos-related disease and the subject's medical condition, clinical course, etiology, diagnosis, treatments, medical monitoring, medical expenses and cost of care, and prognosis. Dr. Brodkin will further testify in accordance with his report in this case. |

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6378673.5
6378673.5

| | |
|---|---|
| Dr. Richard Cohen, M.D., M.P.H.<br>1942 Panorama Drive<br>Saratoga, CA 95070<br><br>WILL TESTIFY | Dr. Cohen is a specialist in occupational and preventive medicine. Dr. Cohen may testify as to the state of the medical and scientific art concerning asbestos-related diseases at relevant times and regarding the nature and use of asbestos products and decedent's exposure to asbestos. Dr. Cohen may testify as to asbestos product defects, the release of asbestos fibers from asbestos products, disease potential of various asbestos products, asbestos health hazards, industry and Navy awareness, and state of the art relating to the hazards of asbestos, application rules and regulations, and other industrial hygiene related issues. |
| Steven P. Compton, PhD<br>MVA Scientific Consultants<br>3300 Breckinridge Blvd<br>#400 Duluth, GA 30096<br><br>**WILL TESTIFY** | Dr. Compton is a materials scientist and electron microscopist. Dr. Compton may testify regarding potential health hazards of asbestos in the work place, content of asbestos-containing products, release of asbestos fibers from asbestos-containing products, including but not limited to, dryer fabrics and felts, and similar products, resuspension of asbestos fiber, asbestos-containing product defects, the disease potential of asbestos-containing products, testing and monitoring techniques for detecting the presence of asbestos dust, including, but not limited to electron microscopy, and nature of asbestos and asbestos fibers as well as all material science and asbestos foundational aspects. Dr. Compton will further testify in accordance with his report in this case. |

PROPOSED PRETRIAL ORDER - 10
(2:07-cv-01454-JLR)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6378673.5
6378673.5

| | |
|---|---|
| Christopher DePasquale, CIH<br>Compass Environmental, Inc.<br>1751 McCollum Parkway<br>NW Kennesaw, GA 30144<br><br>**WILL TESTIFY** | Mr. DePasquale is a certified industrial hygienist with a Masters in Public Health. Mr. DePasquale may testify regarding EPA and state government policies, regulations and guideline documents pertaining to asbestos in buildings and the utility of air and dust sampling in determining building exposures and risks. Mr. DePasquale may testify as to all aspects of asbestos and asbestos products, the adequacy of knowledge, the state of knowledge, the release of asbestos fibers from asbestos products, and all physical characteristics of said fibers, including contamination, de-contamination and related abatement protocols, disease potential of various asbestos products, asbestos health hazards, industry awareness, and state of the art relating to the hazards of asbestos, applicable rules and regulations, and other industrial hygiene issues. This expert may testify regarding issues including but not limited to: asbestos containing dryer felts and fabrics, and/or other materials. This is not an exhaustive list of asbestos material which this expert may testify about, but merely representative and this expert may testify about any and all materials which contain asbestos. This expert may testify about the propensity and ability for asbestos-containing products to release dust and release asbestos dust into the air of persons using those products when they are in place, as well as fiber count ranges from said products when made, used or abated. This expert may testify about how such asbestos materials were used in their ordinary and intended manner, and how that ordinary and intended use causes the release of respirable asbestos dust. This expert may testify about the offensive and injurious aspects of asbestos fiber deposition once inhaled. This expert may testify about the visibility of dust containing asbestos as well as various product use videotapes. Mr. DePasquale will further testify in accordance with his report in this case. |
| Dr. David Tarin, M.D.<br>856 San Antonio Place<br>San Diego, CA 92106<br><br>WILL TESTIFY | Dr. Tarin is a pathologist. Dr. Tarin may testify as to pathology, diagnosis and causation and other asbestos-related medical issued raised in the matter, as well as his examination of the pathology specimens. Dr. Tarin will further testify in accordance with his reports in this case. |

PROPOSED PRETRIAL ORDER - 11
(2:07-cv-01454-JLR)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6378673.5
6378673.5

| | |
|---|---|
| James R. Millette<br><br>**WILL TESTIFY VIA PRIOR TRIAL TESTIMONY**<br><br>SCAPA Objects on the grounds that Mr. Millette was not previously disclosed as a witness in this trial and objects to use of prior trial testimony of an expert as affirmative testimony. | Trial testimony of James Millette taken in <u>Henry Barabin and Geraldine Barabin v. AstenJohnson, Inc., et al.</u>, in the United States District Court, Western District of Washington in Seattle, Cause No. C07-1454RSL, on November 5, 2009. |
| Dr. Samuel Hammar<br><br>**WILL TESTIFY VIA PRIOR TRIAL TESTIMONY**<br><br>SCAPA objects on the grounds that Dr. Hammar was not previously disclosed as a witness in this trial, Dr. Hammar testified as Scapa's expert in the prior trial, and it is improper for Plaintiff to use Scapa's expert to introduce cross-examination without there being any direct examination of the witness. | Trial testimony of Dr. Samuel Hammar taken in <u>Henry Barabin and Geraldine Barabin v. AstenJohnson, Inc., et al.</u>, in the United States District Court, Western District of Washington in Seattle, Cause No. C07-1454RSL, on November 9, 2009. |
| Paul Carlson<br><br>**WILL TESTIFY VIA PRIOR TRIAL TESTIMONY**<br><br>SCAPA objects on the grounds that Mr. Carlson is Scapa's expert in this case and will be testifying live on Scapa's behalf. It is improper for Plaintiff to use Scapa's expert to introduce cross-examination before Scapa presents its expert. Plaintiff will have an opportunity to cross-examine Mr. Carlson and use his prior testimony to impeach him if appropriate. | Trial testimony of Mr. Paul Carlson taken in <u>Henry Barabin and Geraldine Barabin v. AstenJohnson, Inc., et al.</u>, in the United States District Court, Western District of Washington in Seattle, Cause No. C07-1454RSL, on November 9, 2009. |

~~PROPOSED~~ PRETRIAL ORDER - 12
(2:07-cv-01454-JLR)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6378673.5
6378673.5

1       2.   On behalf of defendant:

| | |
|---|---|
| Paul Carlson, CIH<br>Paul Carlson Associates<br>4080 SE International Way, Suite B101<br>Milwaukie, OR  97222<br><br>Will Testify | Mr. Carlson is a certified industrial hygienist. Mr. Carlson may testify on industrial hygiene practices in pulp and paper mills.  He may also testify about the environment, operations and workings in pulp and paper mills, including the paper machine areas of pulp and paper mills.  He may testify specifically as to these topics as they pertain to the Crown Zellerbach Mill in Camas, WA, based on his prior work at and more recent visit to that paper mill.  He may also testify about the air sampling studies undertaken by him and others in various paper mills, particularly around the paper machines and the dryer felts/fabrics used on the paper machines in the 1970s and 1980s.  He may testify about his employment as a corporate industrial hygienist for Crown Zellerbach/James River Corporation and air sampling he conducted at various paper mills during his employment.  He may also testify about his experience with Oregon OSHA.  He may testify about the composition, construction, purpose, use and operation of dryer felts in papermaking.  He may testify about testing conducted on dryer felts referenced in his report.  He may also testify that, based upon his experience in the paper mills, the use of dryer felts/fabrics did not pose a health hazard to paper mill workers.  He may testify regarding the OSHA warning label provisions concerning asbestos and why warnings labels were not required on chrysotile containing dryer felts.<br><br>Mr. Carlson may testify regarding Decedent's exposure to amphibole asbestos including but not limited to such exposures as the Port Arthur Refinery, the Camas Paper Mill, and other locations.  He will testify that Mr. Barabin had zero to background ambient exposure levels from Scapa chrysotile-containing dryer felts.<br><br>Mr. Carlson may also respond to matters raised within his field of expertise by Plaintiff's experts in the presentation of Plaintiff's case-in-chief.  Accordingly, Mr. Carlson's testimony is dependent upon the prior testimony of Plaintiff's experts and cannot be predicted with further specificity.<br><br>Mr. Carlson's testimony will be based upon his training, experience, research, education, writings, review of scientific literature concerning asbestos disease and other relevant matters, and review of depositions, expert reports and documents and relevant to Mr., Barabin.  Mr. Carlson is expected to testify |

Williams, Kastner & Gibbs PLLC<br>601 Union Street, Suite 4100<br>Seattle, Washington 98101-2380<br>(206) 628-6600

| | |
|---|---|
| | consistent with his report and his deposition given in this case. |
| James D. Crapo, MD<br>4650 South 4th Street<br>Englewood, CO 80110<br><br>May Testify | Dr. Crapo is board certified in internal medicine and pulmonary disease. Dr. Crapo may testify about his review of Mr. Barabin's medical records and expert reports produced in this case. Dr. Crapo may testify about the anatomy and function of the human respiratory system, pulmonary function testing, diseases associated with exposure to asbestos and the development of related scientific and medical knowledge. Dr. Crapo may testify about the pulmonary aspects of asbestos exposure and the epidemiology relevant thereto, including such matters as dose response, cumulative exposure and causation thresholds, progression, cancer risk, scientific opinions and theories as to how asbestos may be involved in the cause of various cancers, and experimental animal studies relating to the initial biological response to asbestos. He may also testify regarding toxicology, the linear dose extrapolation model and quantitative risk assessment of different individuals with different levels and types of asbestos exposures and determine, insofar as science is able, the risks of those individuals to contract conditions which may be asbestos-related, as well as their risks of contracting various forms of cancer.<br><br>Dr. Crapo may also testify about cancer risk from asbestos exposure including comments on the relevant literature, federal statistics and publications as well as the risk relevant to Mr. Barabin. Dr. Crapo may testify that low dose exposure to chrysotile asbestos does not cause mesothelioma. Dr. Crapo may further testify that dryer fabrics manufactured with chrysotile asbestos-containing yarn are not hazardous and that any possible exposure Mr. Barabin may have had to asbestos from Scapa dryer fabrics manufactured with chrysotile asbestos-containing yarn could not have caused Mr. Barabin's mesothelioma. Dr. Crapo may also testify about asbestos exposure among refinery workers and pulp and paper mill workers and what is known about the effects of such exposure as reflected by the medical and scientific literature.<br><br>Dr. Crapo may also respond to matters raised within his field of expertise by Plaintiff's experts in the presentation of Plaintiff's case-in-chief. Accordingly, Dr. Crapo's testimony is dependent upon the prior testimony of Plaintiff's experts and cannot be predicted |

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6378673.5
6378673.5

| | | |
|---|---|---|
| 1 | | with further specificity. |
| 2<br>3<br>4<br>5 | | Dr. Crapo's testimony will be based upon his training, experience, research, education, writings, review of medical and scientific literature concerning asbestos disease and other relevant matters, and review of depositions, expert reports, documents and medical records relevant to Mr. Barabin.  Dr. Crapo is expected to testify consistent with his report and his deposition given in this case. |
| 6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14 | Andrew Churg, MD<br>1229 W 7th Avenue<br>Vancouver, BC V6H 1B7<br>Canada<br><br>Will Testify | Dr. Churg is a pathologist at the University of British Columbia in Vancouver, British Columbia.  He is board certified in anatomic and clinical pathology.  He may provide testimony, live or by deposition, regarding his examination of Mr. Barabin's medical records, work history and pathology material.  He may also testify regarding the biological effects of asbestos and the evidence of the relationship between the inhalation of various forms of asbestos fibers and asbestos-associated disease and the factors that go into evaluating whether there is any medical risk from asbestos-containing products.  Dr. Churg may also provide testimony regarding animal research and asbestos-related disease, the biological effects of asbestos and other dusts, cancer research, the practices and protocols regarding publication of scientific research, and the history of research into such matters in the United States and elsewhere. |
| 15<br>16<br>17<br>18<br>19<br>20<br>21<br>22 | | Dr. Churg may generally testify concerning asbestos-related diseases and the effects of exposure to various asbestos-containing products upon persons in occupational and non-occupational settings.  He may further testify regarding the epidemiology of asbestos-related diseases, fiber gradients, ambient levels of asbestos and the existence of a dose-response relationship between exposure to asbestos and asbestos-related diseases.  He may also testify regarding asbestos causation thresholds and the relative risk of personal injury or death as a result of exposure to different types of asbestos at different cumulative exposure.  Dr. Churg is expected to testify that Mr. Barabin's disease was not caused by his work with or around dryer felts. |
| 23<br>24<br>25 | | Dr. Churg may also respond to matters raised within his field of expertise by Plaintiff's experts in the presentation of Plaintiff's case-in-chief.  Accordingly, Dr. Churg's testimony is dependent upon the prior testimony of Plaintiff's experts and cannot be predicted |

**Williams, Kastner & Gibbs PLLC**<br>601 Union Street, Suite 4100<br>Seattle, Washington 98101-2380<br>(206) 628-6600

| | |
|---|---|
| | with further specificity. |
| | Dr. Churg's testimony will be based upon his training, experience, research, education, writings, review of medical and scientific literature concerning asbestos disease and other relevant matters, and review of depositions, expert reports, pathology material, documents and medical records relevant to Mr. Barabin.  Dr. Churg is expected to testify consistent with his report which is concurrently being produced and his anticipated deposition to be given in this case. |
| Mark R. Newton<br>Hagen Streiff Newton & Oshiro, Accountants, P.C.<br>1330 Broadway, Suite 430<br>Oakland, CA 94612<br><br>Will Testify | Mr. Newton is an expert economist.  Mr. Newton will testify based upon his review of financial and other records of Plaintiff and/or Mr. Barabin, and any expert report produced by Plaintiff's economist in this case, as to his opinion of the value of the economic losses, if any, incurred by Plaintiff and/or Mr. Barabin as a consequence of Mr. Barabin's alleged injuries and subsequent death.  Mr. Newton will testify to the matters contained in his report, curriculum vitae, fee schedule and list of testimony produced with this designation. |
| | Mr. Newton may also respond to matters raised within his field of expertise by Plaintiff's experts in the presentation of Plaintiff's case-in-chief.  Accordingly, Mr. Newton's testimony is dependent upon the prior testimony of Plaintiff's experts and cannot be predicted with further specificity. |
| | Mr. Newton's testimony will be based upon his training, experience, research, education, writings, and review of depositions, expert reports, and financial documents relevant to Plaintiff and/or Mr. Barabin.  Mr. Newton is expected to testify consistent with his report which is concurrently being produced and his anticipated deposition to be given in this case. |
| Joseph D. Wendlick, CIH<br>851 South Marine Hills Way<br>Federal Way, WA  98003<br><br>May Testify | Mr. Wendlick is a Certified Industrial Hygienist.  Mr. Wendlick may testify on industrial hygiene practices in pulp and paper mills. He may also testify about the air sampling studies he undertook in various paper mills, particularly around the paper machines and the dryer fabrics used on the machines in the 1970s and 1980s.  He may also testify, based upon his experience in the paper mills, that the use of dryer felts on the paper machines did not pose a health hazard to paper mill workers. |
| | Mr. Wendlick is expected to testify that, based on his |

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6378673.5
6378673.5

|  | 1973 air sampling tests during a "dry end" felt change, no hazardous asbestos exposure exists in the paper machine area of a paper mill as a result of a "dry end" felt change. He is also expected to testify, based on this test, that all work practices (and materials) connected with a "dry end" felt change were acceptable according to the OSHA Asbestos Standard in place at the time of the testing. Mr. Wendlick may also respond to matters raised within his field of expertise by Plaintiff in the presentation of their case in chief. Accordingly, Mr. Wendlick's testimony is dependent upon the prior testimony of Plaintiff's experts and cannot be predicted with further specificity.<br><br>Mr. Wendlick's testimony will be based on his training, experience, research, education, writings, review of medical and scientific literature concerning asbestos disease and other relevant matters, and review of depositions, expert reports, documents and medical records relevant to Plaintiff. Mr. Wendlick is expected to testify consistent with his deposition given in this case. |

## VII.  OTHER WITNESSES

1.  Fact witnesses on behalf of Plaintiff:

| Plaintiff Geraldine Barabin c/o Brayton Purcell, LLP *To be contacted through plaintiffs' counsel*<br><br>WILL TESTIFY | Mrs. Barabin is expected to testify about her marriage and life with Decedent, her knowledge and understanding of the nature and extent of his exposure to asbestos and asbestos-containing products. Her understanding of the events surrounding the diagnosis of mesothelioma, Decedent's medical treatment and death; how Decedent's life was affected by the illness; how her life has been affected by the illness, and the facts pertaining to plaintiffs claim for economic and non-economic damages. |
| Bryan Barabin c/o Brayton Purcell, LLP *To be contacted through plaintiff's counsel*<br><br>POSSIBLE WITNESS ONLY | Mr. Barabin is expected to testify about his life with Decedent, his knowledge and understanding of the nature and extent of his exposure to asbestos and asbestos-containing products. His understanding of the events surrounding Henry Barabin's diagnosis of mesothelioma, Decedent's medical treatment and death; how Decedent's life was affected by the illness; how his life has been affected by the illness. |

PROPOSED PRETRIAL ORDER - 17
(2:07-cv-01454-JLR)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6378673.5
6378673.5

| Robert Barabin<br>c/o Brayton Purcell, LLP<br><br>*To be contacted through plaintiff's counsel*<br><br>POSSIBLE WITNESS ONLY | Mr. Barabin is expected to testify about his life with Decedent, his knowledge and understanding of the nature and extent of his exposure to asbestos and asbestos-containing products. His understanding of the events surrounding Henry Barabin's diagnosis of mesothelioma, Decedent's medical treatment and death; how Decedent's life was affected by the illness; how his life has been affected by the illness. |
| --- | --- |
| Decedent Henry Barabin<br><br>Prior trial transcript<br><br>WILL TESTIFY | Decedent Henry Barabin will testify about his education, family history, and work history and illness including the work he performed at the Camas Mill, his duties on each of the positions he held, his activities while working at the paper mill, his cutting and taking used dryer felts home where he cut and used the felts in his garden, his disease, his understanding of the events surrounding his diagnosis of mesothelioma, his medical treatment for the disease, how life has been affected by illness, his marriage to Geraldine Barabin, and the facts pertaining to the claim for economic and noneconomic damage. |
| Ivan Fearnhead<br><br>Prior trial and deposition transcripts<br><br>WILL TESTIFY<br><br>Scapa objects to Plaintiff using prior testimony of its former corporate representative when its current corporate representative will be present and provide live testimony. | Ivan Fearnhead is Scapa's former corporate representative and will provide testimony regarding Scapa's corporate history and multiple issues related to Scapa's manufacture and sale of any asbestos-containing dryer fabrics. |

PROPOSED PRETRIAL ORDER - 18
(2:07-cv-01454-JLR)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6378673.5
6378673.5

| | |
|---|---|
| Harry J. Merck, Jr.<br><br>Prior deposition transcripts<br><br>WILL TESTIFY<br><br>Scapa objects to Plaintiff using prior testimony of its former corporate representative when its current corporate representative will be present and provide live testimony. | Harry Merck is Scapa's former corporate representative and will provide testimony regarding Scapa's corporate history and multiple issues related to Scapa's manufacture and sale of any asbestos-containing dryer fabrics. |

2.   Fact witnesses on behalf of Scapa:

| | |
|---|---|
| James H. Price, III<br>or other designated records custodian<br>c/o McGuire Woods LLP<br>One James Center<br>901 East Cary Street<br>Richmond, VA  23219-4030<br><br>May Testify | Mr. Price was the attorney for Fort James Corporation who personally directed and oversaw the collection of asbestos-related documents from the Camas Mill |
| James Doherty, a former Scapa employee<br>12408 School House Street<br>Raleigh, NC  27614<br><br>Will Testify | Mr. Doherty, a former employee who was the vice president of manufacturing for Scapa starting in approximately 1990 and had previously worked at Albany International from the late 1960s to 1985 and at Niagara Lockport from 1985 to 1990 in various capacities.  Mr. Doherty will testify on Scapa's corporate history and multiple issues related to Scapa's manufacture and sale of any asbestos-containing dryer fabrics, including the composition of the fabrics, why no warning labels were needed on the products, and why there was no health hazard from using the products.  He may also offer testimony regarding Albany's dryer felts and customers. |
| Harry Mickes, a former Crown Zellerbach Camas Mill employee<br><br>May Testify | Deposition taken June 26, 2007.<br>*Barabin v. Albany International Corp.*<br>Scapa believes that Plaintiffs are already in possession of this deposition transcript.  If they are not, it is available upon request. |
| ~~Buford Sanders, a former Crown~~ Zellerbach Camas Mill employee | ~~Deposition taken June 27, 2007.~~<br>*Barabin v. Albany International Corp.* |

~~PROPOSED~~ PRETRIAL ORDER - 19
(2:07-cv-01454-JLR)

**Williams, Kastner & Gibbs PLLC**<br>601 Union Street, Suite 4100<br>Seattle, Washington 98101-2380<br>(206) 628-6600

6378673.5
6378673.5

| | |
|---|---|
| May Testify | Scapa believes that Plaintiffs are already in possession of this deposition transcript. If they are not, it is available upon request. |
| Leard Henry, a former Crown Zellerbach Camas Mill employee<br><br>May Testify | Deposition taken June 28, 2007.<br>*Barabin v. Albany International Corp.*<br><br>Scapa believes that Plaintiffs are already in possession of this deposition transcript. If they are not, it is available upon request. |
| Lloyd Niece, a former Crown Zellerbach Camas Mill employee<br><br>May Testify<br><br>Plaintiff objects. | Deposition taken February 21, 1983 and August 31, 1984.<br>*Crone v. Johns-Manville Corp.*, USDC Western District of Washington, Tacoma, Case No. C81-832M(T); *Niece v. Raymark Industries, Inc.*, USDC Western District of Washington, Seattle, Case No. C81-131-0M<br><br>Scapa believes that Plaintiffs are already in possession of this deposition transcript. If they are not, it is available upon request. |
| Hugh Holdt, a former Crown Zellerbach Camas Mill employee<br><br>May Testify<br><br>Plaintiff objects. | Deposition taken May 17, 1982; February 22, 1983; and January 17, 2003.<br>*Crone v. Johns-Manville Corp.*, USDC Western District of Washington, Tacoma, Case No. C81-832M(T); *Myhran v. Johns-Manville Corp.*, USDC Western District of Washington, Tacoma, Case No. C81-626T.<br><br>Scapa believes that Plaintiffs are already in possession of this deposition transcript. If they are not, it is available upon request. |
| Gerald T. Olsen, a former Crown Zellerbach Camas Mill employee<br><br>May Testify<br><br>Plaintiff objects. | Deposition taken May 28, 1982.<br>*Myhran v. Johns-Manville Corp.*, USDC Western District of Washington, Tacoma, Case No. C81-626T.<br><br>Scapa believes that Plaintiffs are already in possession of this deposition transcript. If they are not, it is available upon request. |
| Andrew Richardson<br><br>May Testify | Deposition taken 5/11/1987<br>*Cannon v. Owens-Illinois*, USDC, District of South Carolina, Cause No. 84-1950<br><br>He is former manager of the "Limpet" department for both Keasbey & Mattison (1959-1962) and AC & S (1962-1967) and Atlas Asbestos Company (1967-1970 when Limpet was discontinued) |

**Williams, Kastner & Gibbs PLLC**<br>601 Union Street, Suite 4100<br>Seattle, Washington 98101-2380<br>(206) 628-6600

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

VIII. <u>EXHIBITS</u>

See Appendix of Exhibits and Objections to Authenticity and Admissibility.

IX. <u>ACTION BY THE COURT</u>

This case is scheduled for trial before a jury on March 26, 2018, at Seattle.

Trial briefs shall be submitted to the court on or before March 19, 2018.

Designations, objections, and counter-designations of prior testimony shall be submitted to the court on or before March 19, 2018.

Jury Instructions requested by either party shall be submitted to the court on or before March 19, 2018. Suggested questions of either party to be asked of the jury by the court on voir dire shall be submitted to the court on or before March 19, 2018.

This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the subsequent course of the action unless modified by a subsequent order. This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

Dated this ~~6th~~ 22nd day of March, 2018

Honorable James L. Robart
United States District Judge

**FORM APPROVED**

By:/s/ Meredith Boyden Good
Meredith Boyden Good
BRAYTON PURCELL, LLP
806 SW Broadway, Suite 1100
Portland, OR 97205
Email: mgood@braytonlaw.com

**Attorney for Plaintiff**

~~PROPOSED~~ PRETRIAL ORDER - 21
(2:07-cv-01454-JLR)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6378673.5
6378673.5

1   **FORM APPROVED**

2   *s/Nicole R. MacKenzie*
    Nicole R. MacKenzie, WSBA #45741
3   601 Union Street, Suite 4100
    Seattle, WA 98101-2380
4   Tel: (206) 628-6600
    Fax: (206) 628-6611
5   Email: nmackenzie@williamskastner.com

6   *Attorney for Defendant Scapa Dryer Fabrics*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

~~PROPOSED~~ PRETRIAL ORDER - 22
(2:07-cv-01454-JLR)

6378673.5
6378673.5

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

## CERTIFICATE OF SERVICE

2

•    The undersigned hereby certifies that on March 6th, 2018, the foregoing was

3

electronically filed with the Clerk of the Court using the CM/ECF system which will send

4

notification of such filing to the following:

5

Meredith Boyden Good
BRAYTON PURCELL, LLP

6

806 SW Broadway, Suite 1100
Portland, OR 97205

7

Email: portland@braytonlaw.com;
mgood@braytonlaw.com

8

*Attorneys for Plaintiff*

9

10

Signed at Seattle, Washington this 6th day of March , 2018.

11

*s/Nicole R. MacKenzie*

12

Nicole R. MacKenzie, WSBA #45741
601 Union Street, Suite 4100

13

Seattle, WA  98101-2380
Tel:  (206) 628-6600

14

Fax:  (206) 628-6611
Email:  nmackenzie@williamskastner.com

15

16

17

18

19

20

21

22

23

24

25

PROPOSED PRETRIAL ORDER - 23
(2:07-cv-01454-JLR)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6378673.5
6378673.5