UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| GERALDINE BARABIN, | CASE NO. C07-1454JLR |
|---|---|
| Plaintiff, | ORDER TO SHOW CAUSE WHY ATTORNEY JAMES NEVIN AND LAW FIRM BRAYTON PURCELL LLP SHOULD NOT BE SANCTIONED |
| v. | |
| SCAPA DRYER FABRICS, INC., et al., | |
| Defendants. | |

Before trial on Monday, April 2, 2018, Plaintiff Geraldine Barabin and Defendant Scapa Dryer Fabrics, Inc. ("Scapa") asked the court to consider the admissibility of Exhibits 134, 135, 136, 176, 177, and 185. Exhibit 176 is a report written by IC Sayers[1] in the 1960s while he was employed at Union Carbide U.K. Limited, a company in the United Kingdom ("UK"). (2013 Fearnhead Dep. (Dkt. # 710-2) at 146:14-147:16.)

//

---

[1] "IC Sayers" is also known as Ian Sayers. (*See* Fearnhead Dep. (Dkt. # 710-2) at 147:11-16.)

ORDER - 1

The report was "written to show the concern on toxicological grounds of those people involved with asbestos in the UK." (*Id.* at 148:3-6.)

Ms. Barabin's counsel James Nevin sponsored Exhibit 176 with the statement that Mr. Sayers subsequently worked at Scapa and thus, his knowledge about the hazards of asbestos dust—evidenced by Mr. Sayer's 1967 report—accompanied him to Scapa. Thus, Mr. Nevin sponsored Exhibit 176 to demonstrate Scapa's knowledge of the hazards of asbestos dust. The court ruled that it would not allow the admission of Exhibit 176 because it is third-party hearsay, but the court allowed testimony regarding the historical availability of literature detailing the hazards of asbestos at the time.

After the court's rulings on the various exhibits, Mr. Nevin called Dr. Richard Cohen, who testified to the historical record of the public knowledge regarding the hazards of asbestos. Dr. Cohen did not discuss Exhibit 176.

Later that afternoon, Mr. Nevin read portions of a deposition previously taken of Scapa corporate representative, Ivan Fearnhead. Mr. Fearnhead was asked in his deposition about Mr. Sayers and Mr. Sayers's report—the same document that the court excluded as Exhibit 176.[2] As part of his reading, Mr. Nevin quoted portions of Mr. Sayers's report to the jury, stating that mesothelioma can occur in people after a brief exposure and may even occur after a single exposure. Scapa objected. The court sustained the objection and struck the testimony.

//

---

[2] Mr. Sayer's report was marked as Exhibit 12 in Mr. Fearnhead's deposition. (*See* 2013 Fearnhead Dep. at 147:11-15.)

ORDER - 2

Mr. Nevin's reading of Exhibit 176 directly contradicts two of the court's earlier rulings: (1) the court's *Daubert* order on causation, which held that experts who would testify that an individual exposure could be a cause of mesothelioma in a total exposure analysis were "unreliable and must be excluded" (2/12/18 Order (Dkt. # 698) at 30); and (2) the court's exclusion, that very morning, of Exhibit 176 as inadmissible hearsay (*see* 4/2/18 Min. Entry (Dkt. # 736)).

Mr. Nevin offered four justifications for his conduct, none of which excuse his failure to follow the court's rulings.[3] First, Mr. Nevin argued that Scapa had already objected to—and the court had already permitted—the offending portion of the deposition. But at the time of that deposition review, the court had not yet ruled on the admissibility of Exhibit 176. Thus, the court had not, and could not have, considered Scapa's objection regarding the quoted portions from Exhibit 176.

Second, Mr. Nevin insisted that the court's ruling that morning was limited to the admission of the document and that the court had not made any ruling on discussion of the document. This attempt to rewrite history is of no avail. The court expressly denied admission of Exhibit 176. The court permitted testimony about the historical availability of the literature at the time, but that ruling in no way allowed quoting from a document that the court expressly excluded.

Third, Mr. Nevin argued that the court had not excluded Exhibit 176 at all; instead, Mr. Nevin maintained that the court had merely determined that the document

//

---

[3] Mr. Nevin and the court discussed these justifications outside the presence of the jury.

was not admissible at that point in time. Again, Mr. Nevin misstates the record. The court's ruling regarding admissibility was that it would not allow the admission of Exhibit 176. The court did not qualify this ruling in any way, including by reserving the issue for a later time.

And fourth, Mr. Nevin attempted to shift the blame to Scapa, contending that if Scapa had a problem with this portion of the deposition, Scapa should have raised the issue. Notwithstanding the fact that Scapa immediately objected at the time of the reading, Scapa's duty to object does not alter Mr. Nevin's duty to adhere to the court's prior rulings.

The court has the inherent power to impose sanctions based on a failure to comply with the court's orders. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Halliday v. Spjute*, No. 1:07-cv-00620-AWI-GSA, 2015 WL 4922762, at *4 (E.D. Cal. Aug. 18, 2015). Based on the behavior described above, the court ORDERS Mr. Nevin to show cause why it should not issue sanctions. The court is considering issuing monetary sanctions against Mr. Nevin in the amount of $1,000.00 and placing a written reprimand of Mr. Nevin and Brayton Purcell LLP on the docket. Mr. Nevin's response may not exceed ten (10) pages and is due no later than fifteen (15) days after the entry of this order.

Dated this 9th day of April, 2018.

JAMES L. ROBART
United States District Judge