UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| GERALDINE BARABIN, | CASE NO. C07-1454JLR |
|---|---|
| Plaintiff, | ORDER IMPOSING SANCTIONS ON ATTORNEY JAMES NEVIN |
| v. | |
| SCAPA DRYER FABRICS, INC., et al., | |
| Defendants. | |

On April 9, 2018, the court ordered attorney James Nevin to show cause why he and his law firm Brayton Purcell LLP should not be sanctioned for a failure to comply with the court's orders. (OSC (Dkt. # 755).) During trial on April 2, 2018, Mr. Nevin quoted portions of a report while he was reading a deposition into the record. (*See id.* at 2.) Not only did the quoted portion discuss a theory of causation that the court had excluded in its previous *Daubert* order (*see id.* at 2-3; 2/12/18 Order (Dkt. # 698) at 30)), but the court had also excluded the report (Exhibit 176) as impermissible hearsay that

ORDER - 1

very morning (*see* OSC at 3; 4/2/18 Min. Entry (Dkt. # 736)). For these reasons, the court ordered Mr. Nevin to explain why his behavior did not warrant a monetary sanction of $1,000.00 and a written reprimand on the docket. (*See* OSC at 4.)

Courts have the inherent authority to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). This inherent authority includes the ability "to impose sanctions for bad faith, which includes a broad range of willful improper conduct." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). Courts can also impose sanctions when a party willfully disobeys a court order. *See, e.g., Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964-65 (9th Cir. 2004) (citing *Fink*, 239 F.3d at 991).

The court appreciates that misunderstandings can occur, especially in a complex trial containing numerous orders. (*See* Dkt.; Resp. (Dkt. # 772) at 1.) However, Mr. Nevin's violation of not one, but two court orders merits a response. The court is particularly concerned about Mr. Nevin's continued insistence that "no order of the [c]ourt was violated" and that the court's order to show cause was "based upon an incorrect recollection." (*See* Resp. at 1-2.) At trial, Mr. Nevin read the following to the jury: "Quote . . . Some authorities even believe that a single, brief exposure might be sufficient [to cause mesheliomia] end quote." (4/2/18 Trial Tr. (Dkt. # 762) at 873:9-14 (quoting Ex. 176).) Simply put, reading a report that opines on the "every exposure" theory violates the court's order that excluded the "every exposure" theory. Likewise,

//

ORDER - 2

quoting from an excluded exhibit violates the court's order that excluded the exhibit.[1]

The court finds that Mr. Nevin's repeated violations and misconduct constitute bad faith.

Accordingly, the court DIRECTS Mr. Nevin to pay $1,000.00 in sanctions within five (5) days of the date of this order. This order will additionally serve as a reportable reprimand of Mr. Nevin and Brayton Purcell LLP.

Dated this 25 day of June, 2018.

JAMES L. ROBART
United States District Judge

---

[1] Mr. Nevin's continued attempt to distinguish the excluded Exhibit 176 from the testimony about Exhibit 176 is disingenuous. (*See* Resp. at 7-8.) The testimony in question was not a description of the exhibit—rather, Mr. Nevin directly quoted the exhibit. (*See* 4/2/18 Trial Tr. at 873:5-14.) If quoting an excluded exhibit renders the content admissible, then parties could bypass any inadmissibility issue by simply reading the exhibit into the record; according to Mr. Nevin, that qualifies as testimony about the exhibit—which is proper—rather than the exhibit itself—which is not. The court rejects this artificial distinction.